## Jones v. Gregory.

1.   *Testimony and Evidence.*—There is a technical difference between the testimony and evidence; strictly speaking, the former relates only to the statement made by a witness under oath or affirmation, while the

Jones v. Gregory.

latter includes all that may be submitted to a jury, whether it be the statement of witnesses or contents of papers, documents or records, or the inspection of whatever the jury may be permitted to examine and consider during the trial. However, in the ordinary use of these terms they are often, if not usually, treated as synonymous, and properly so, according to standard lexicographers.

Memorandum.—Appeal from the Circuit Court of Vermilion County; the Hon. Francis M. Wright, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892, and affirmed. Opinion filed October 17, 1892.

### Appellant's Statement of the Case.

This suit was brought to recover the balance due on two promissory notes given by the defendant to the plaintiff on October 5, 1887: one due on or before March 1, 1889, for $2,940, with interest at six per cent after March 1, 1888, the other given for $2,000 due on or before March 1, 1890, with interest at six per cent after March 1, 1888. These two notes were given, together with one other note for $2,000 due March 1, 1891, and another one for $500, and a cash payment of $1,500.

G. W. Salmans and R. W. Fisk, attorneys for appellant.

J. B. Mann and W. J. Calhoun, attorneys for appellee.

Opinion of the Court, *the Hon. George W. Wall, Judge.*

This was an action of assumpsit upon two promissory notes which were given on account of the purchase money of a farm sold by plaintiff to defendant. The defense was that another promissory note for $2,500, which defendant had paid to plaintiff, and which the plaintiff falsely claimed was also on account of the purchase of the same farm, was a forgery, and that it had been inadvertently paid.

The verdict was for plaintiff—and after overruling a motion for new trial the court rendered judgment accordingly for $2,583.21. By the appeal of the defendant the record is brought to this court.

Upon the question of fact, while there is a conflict in

the evidence, we are entirely satisfied with the conclusion reached by the jury.

We think the weight of the evidence is not only not with the defendant, upon whom was the *onus* of showing that the said note was forged, but is with the plaintiff. It seems quite clear that the defendant's contention is unsupported.

It is unnecessary to discuss the proof in detail and we pass to the objections urged by appellant in regard to the instructions.

1st. That the first instruction given for plaintiff was erroneous in saying that the defendant must establish his defense by the preponderance of the *testimony*, thus ignoring the distinction between testimony and evidence, when a considerable part of the defendant's evidence consisted of written documents and circumstances.

Of course there is a technical difference between the terms testimony and evidence. Strictly speaking the former relates only to the statement made by a witness under oath or affirmation, while the latter includes all that may be submitted to the jury, whether it be the statement of witnesses or the contents of papers, documents or records, or the inspection of whatever the jury may be permitted to examine and consider during the trial.

However, in the ordinary use of the terms, they are often, if not usually, treated as synonymous—and properly so, according to standard lexicographers.

It is not at all probable, indeed we regard it as quite improbable, that the jury would have drawn any distinction between the meaning of the terms. In common parlance, they are understood to signify the same thing. In our opinion it would be wholly unreasonable to reverse the judgment upon the point thus made.

It is further urged as an objection to this instruction that it ignores the defense of set-off based on the claim that the tract of land contained ten acres less than was represented.

We have carefully examined the evidence and are unable to find anything upon which such defense can rest. It is apparent that the only issue before the jury was as to the

validity of the note referred to. The defendant asked no instruction upon the subject of the supposed set-off, and in view of the proof, we think there was no error in ignoring it.

2d. It is objected that the court erred in modifying an instruction asked by the defendant. As asked the instruction read as follows: "If you believe from the evidence, after having heard it all, that the price of the land purchased was $60 per acre, and that the whole price thereof was $8,940, and that the cash payments and the notes given amounted to that sum, and that that amount has been paid by defendant to plaintiff, then you should find for defendant."

As modified it read thus:

"If you believe from the evidence, after having heard it all, that the *contract* price of the land purchased was $60 per acre, and that the whole *contract* price thereof was $8,940, *and that the $2,500 paid note was not the defendant's note*, and that the cash payments and the notes given amounted to *said* sum of $8,940, and that that amount has been paid by defendant to the plaintiff, then you should find for the defendant."

The modification is indicated by the words in italics. The changes thus made tended merely to make the meaning more definite and exact. We find no error therein. No other objections are presented. The judgment will be affirmed.