Frank Flick and William J. Reedy, Trading as Miller Motor Company, Appellants, v. James H. Gately et al., Appellees.

Gen. No. 43,325.

82

Opinion filed February 14, 1946. Opinion modified and rehearing denied March 5, 1946. Released for publication March 5, 1946.

SMITH, BUNDESEN, WHITE & RAYNOR, of Chicago, for appellants; PETER D. GIACHINI and ALPHONSE CERZA, both of Chicago, of counsel.

BARNET HODES, Corporation Counsel, for appellees; J. HERZL SEGAL and SYDNEY R. DREBIN, Assistant Corporation Counsel, of counsel.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

On December 8, 1942 plaintiffs, Frank Flick and William J. Reedy, doing business as the Miller Motor Company, purchased the property located at 4027 N. Kedzie avenue, Chicago, Illinois. There was a one story brick building on this property, which had for sometime theretofore been used as a garage and automobile repair shop. ·Plaintiffs purchased these premises for use as a machine shop and installed therein punch presses and other types of machines for the purpose of manufacturing "taper pins" and other metal products for the United States Army and Navy.

On July 12, 1943, after a hearing and over the objections of some adjoining property owners, the commissioner of buildings of the City of Chicago ordered a permit to issue to plaintiffs for the operation of a machine shop on the premises in question. On July 18, 1943 two adjoining property owners filed an appeal to the zoning board of appeals of the City of Chicago (hereinafter for convenience sometimes referred to as the Board) questioning the decision of the building commissioner on the ground that plaintiffs' premises were in a district "zoned for commercial purposes . . . in last forty days a machine shop has moved in at 4027 Kedzie right next door to our building and they are running from 8 A. M. until 2 or 3 A. M. with heavy machinery which causes a great deal of noise and vibration to our building keeping us from any rest night or day. Heavy punch presses run almost continually from 8 A. M. until 2 A. M. following day" All parties in interest were notified that the appeal was set for hearing before the Board on July 26, 1943. There

were purported hearings on that day and on September 13, 1943 and September 27, 1943. On the latter date the Board took the case under advisement and rendered its decision on October 25, 1943, reversing the order of the commissioner of buildings and directing him "to abate the violation." Plaintiffs filed a complaint in the superior court for a writ of certiorari to review the order of the zoning board of appeals. The writ was ordered to issue and an order for a temporary injunction was entered restraining the Board and the commissioner of buildings from enforcing the Board's order of October 25, 1943. On February 2, 1944 the Board filed its return to the writ of certiorari. When the cause came on for hearing in the trial court on October 24, 1944, plaintiffs filed a motion "for leave to submit testimony and other proofs to the court, or to a referee appointed by the court, to take and report the evidence herein, in conformity with Chapter 24, Section 73–6, Ill. Rev. Stat. 1943 [Jones Ill. Stats. Ann. 21.2127]." This section provides in part as follows:

"If, upon the hearing, it appears to the court that testimony is necessary for the proper disposition of the matter, it may take evidence or appoint a referee to take such evidence as it may direct and report the evidence to the court with his findings of fact and conclusions of law. The evidence, findings, and conclusions shall constitute a part of the proceedings upon which the determination of the court shall be made. The court may reverse or affirm, wholly or partly, or may modify the decision brought up for review."

On the same day that plaintiffs presented their aforesaid motion the trial court entered its judgment order, the pertinent portions of which are as follows:

"It further appearing to the court; from an examination of the return to the Writ of Certiorari heretofore filed herein and having heard the arguments of counsel.

"It further appearing to the court; that additional testimony is not necessary for a proper disposition of the matter.

"It further appearing to the court; that the Writ of Certiorari was improvidently issued.

"It is therefore ordered; that the Writ of Certiorari be quashed and the temporary restraining order heretofore entered herein be dissolved and held for naught, and the motion of plaintiffs to submit proofs, or, in the alternative, to make an offer of proof, is hereby denied."

Plaintiffs appeal from the foregoing judgment order.

They contend that the trial court erred in refusing to permit them to submit evidence on the hearing on the writ of certiorari and in quashing said writ.

■ Since the trial court's refusal to permit plaintiffs to submit evidence and its order quashing the writ of certiorari were based solely on its examination of the return of the Board, it is first necessary to consider such return. Plaintiffs insist that the return shows on its face that the order of the Board was invalid in that they were not afforded a hearing in conformity with sec. 73–5 of the Cities and Villages Act (par. 73–5, ch. 24, Ill. Rev. Stat. 1943 [Jones Ill. Stats. Ann. 21.2126]), which provides in part as follows:

"The board of appeals shall fix a reasonable time for the hearing of the appeal and give due notice thereof to the parties . . . upon the hearing any party may appear in person or by agent or by attorney."

Inasmuch as no particular method of procedure for the conduct of hearings before the Board on appeal is provided for either in the Illinois Zoning Act (par. 73–1 to and including par. 73–10 Cities and Villages Act—ch. 24, Ill. Rev. Stat. 1943 [Jones Ill. Stats. Ann. 21.2122 *et seq.*]) or in the zoning ordinance of the City

of Chicago, its hearings must be governed by established rules of procedure applicable generally to administrative tribunals. In 42 Am. Juris. under the heading, "Public Administrative Law," it is said in sec. 150, "The mere holding of a hearing does not justify administrative action required to be based on a hearing. The decision of the trier of the facts must be reached in accordance with the facts proved, and it must find adequate support in the evidence, formally introduced at the hearing, in all its essential elements."

There is nothing in the return of the Board that shows what section or provision of the zoning ordinance plaintiffs were held to have violated but we assume that it was sec. 194.8 of the Municipal Code of Chicago which was in force at the time they purchased the premises in question. This property was in a district zoned for commercial use but the aforesaid section contains the following provisions pertaining to permissible light manufacturing uses in commercial districts:

"C2 Use—A C2 use shall include all uses not otherwise classified, provided all materials and products are stored and all manufacturing operations are carried on entirely within substantial buildings completely enclosed with walls and roof, and provided no operations are of such a nature as to become offensive or noxious to the occupants of adjoining residence or apartment uses by reason of the emission of odors, fumes or gases, dust, smoke, noise, or vibrations; and C2 uses shall include such uses as . . . machine shop. . . ."

It is impossible to determine from the proceedings before the Board as shown in its return whether the matter before it was the question as to whether plaintiffs violated the aforesaid section of the zoning ordinance in that they were engaged in heavy manufacturing, a nonconforming use, as distinguished from light

manufacturing, a permissible use, or the question as to whether the operation of plaintiffs' plant became and was offensive and obnoxious to "adjoining residence or apartment uses" by reason of excessive noise or vibrations emanating from said plant.

In any event, as will be hereafter shown, the Board did not afford plaintiffs such a hearing as is required by law as to their alleged violation of the zoning ordinance. It appears from the return of the Board that when the appeal was first considered by it on July 26, 1943, there was a lengthy discussion between the chairman of the Board, plaintiffs' attorney, who requested a continuance, and some of the adjoining property owners. In the course of this discussion the chairman of the Board said, "We are not hearing the case · . . . we are trying to get together to continue the case . . . we will continue the case . . . in the meantime they are to stop the press work at night." The matter was then continued to September 13, 1943 and on that date plaintiffs were represented by Attorney Milton Smith, who was not the same lawyer who appeared for them on July 26, 1943. He was told by the chairman of the Board, "We heard this case," although as already shown, said chairman stated at the first session "We are not hearing the case." At the close of another lengthy discussion between the members of the Board, some adjoining property owners and plaintiffs' attorney the chairman of the Board stated, "This is informal," and continued the case until September 27, 1943. When the case was called on that date the chairman of the Board stated that "we cannot hear the case today because of not having a quorum on appeal cases" and addressing plaintiffs' attorney, said, "The case was in before you came, the evidence was all given in [meaning at the first session]." After some further general discussion at this session the case was taken under advisement by the Board which thereafter rendered its decision.

The chairman of the Board took the leading part in the discussions referred to at the three sessions, endeavoring to have plaintiffs and the complaining adjoining property owners compromise their differences. This was of course a laudable endeavor but when the Board did not succeed in effecting a compromise, plaintiffs should have been given a hearing such as they were entitled to under the law. The foregoing statements of its chairman contained in the return show conclusively that no proper hearing was accorded plaintiffs at any session of the Board.

■ The report of proceedings in the return discloses that not a single witness testified and that no evidence of any kind was introduced before the Board at any of its sessions when this case was being considered by it. While it is true that in the course of the general discussions at the various sessions of the Board some of the adjoining property owners made statements that the operation of plaintiffs' plant caused excessive noise and vibrations, no evidence as such was presented to said Board. The rule is firmly established that findings of administrative boards must be based on facts established by evidence and "nothing can be treated as evidence which is not introduced as such." *Chicago & E. I. Ry. Co. v. Commerce Commission ex rel. Hoopeston Grain & Coal Co.,* 341 Ill. 277.

■ It is conceded that the return does not show that any witness was examined under oath at any session of the Board when this matter was being considered. Section 73–3 of the Cities and Villages Act (par. 73–3, ch. 24, Ill. Rev. Stat. 1945 [Jones Ill. Stats. Ann. 21.2124]) provides that the chairman of the Board or in his absence the vice chairman "may administer oaths and compel the attendance of witnesses." It is insisted that under this statutory provision it is discretionary rather than obligatory that witnesses appearing before the Board be

sworn. This provision authorizes the administration of oaths to witnesses and it can only be reasonably construed as meaning that all witnesses appearing before the Board must be sworn. Otherwise, a preposterous situation might well arise, with the Board requiring some witnesses to be sworn and permitting other witnesses in the same case to testify without being sworn. In legal contemplation the word testimony, itself, connotes "a declaration made by a witness under oath or affirmation." (Webster's New International Dictionary, Second Edition.) In our opinion administrative and quasi judicial bodies which are authorized to administer oaths to witnesses are required to exercise such authority.

Counsel argue that, assuming that the statute does require that witnesses testifying before the Board must be sworn, plaintiffs are now precluded from questioning the Board's failure to swear the witnesses in this case, because they did not do so at the time they testified. A simple and complete answer to the Board's position in this regard is that, as has been seen, no witness testified in this case.

There were several documents included in the return as tending to support the findings and decision of the Board. These documents were not introduced in evidence at any of its purported hearings and had no place in the return.

Counsel for the Board assert that it "was not even required to hear testimony." That would only be true if plaintiffs had admitted the violation with which they were charged. In the absence of such admission it was the duty of the Board to require the submission of evidence at a formal and proper hearing sufficient to establish facts showing that plaintiffs were guilty of violating the zoning ordinance as charged.

Counsel for the Board contend that "the fact remains that the decision of the Board of Appeals under the zoning statute may be based on 'other facts' which

were not presented at the hearing'' and they base this contention on section 73–6 of the Cities and Villages Act (par. 73–6, ch. 24, Ill. Rev. Stat. 1945 [Jones Ill. Stats. Ann. 21.2127]), which reads in part as follows:

''The board of appeals shall not be required to return to the court the original papers acted upon by it. It shall be sufficient to return certified or sworn copies thereof or of such portions thereof as may be called for by the writ. The return must concisely set forth *such other facts as may be pertinent and material to show the grounds of the decision appealed from* and must be verified.'' (Italics ours.)

The instant contention does not merit serious consideration. The other pertinent and material facts mentioned in the foregoing section of the statute can only refer to facts which are established by evidence in a proper hearing before the Board.

It is also contended that plaintiffs' attorney admitted their violation of the zoning ordinance but the return of the Board does not show any such admission. If on a formal hearing counsel did admit the violation charged, plaintiffs would of course be bound by his admission. However, there was no formal hearing by the Board but merely an effort by way of general discussion to compromise the differences between plaintiffs and the objecting adjoining property owners. We have carefully examined the record of proceedings contained in the return and find that plaintiffs' attorney did not at any time admit that they violated the zoning ordinance. He persistently protested at the purported hearings that their plant was not being operated in violation of said ordinance and offered to have plaintiffs do everything possible in the matter of making adjustments therein ''to satisfy the neighbors.'' His offers to try and placate the adjoining property owners did not constitute binding admissions and the Board in its decision did not find that they were. It based its findings on ''testimony'' which it claimed it had ''fully heard.''

■ There can be no question but that plaintiffs were entitled to submit evidence to the court on its review by writ of certiorari of the zoning board of appeals' decision and the trial judge erred in arbitrarily denying them their statutory right to submit evidence on the ground that it appeared to him "from an examination of the return . . . that additional testimony is not necessary for a proper disposition of the matter." The return made by the board of appeals in this case rendered it absolutely necessary for a proper disposition of this matter that evidence be heard on the court review of the Board's decision, since, as has been shown, plaintiffs were not afforded a hearing by the Board as required by law, no evidence as such was introduced before it and not a single witness was sworn to testify.

In *Hughes v. Board of Appeals of Chicago,* 325 Ill. 109, in passing upon that portion of section 73-6 of the Cities and Villages Act, heretofore set forth, which authorizes the court to take evidence on its hearing on the writ of certiorari provided for under the Zoning Act, the court said at p. 113:

"In providing for the review of the order of a zoning board of appeals by means of a writ of certiorari the legislature saw fit to widen the field of review by the court so as to include not only questions of jurisdiction and regularity but also questions of fact, if the court should deem necessary for the proper disposition of the matter. . . . The object of this provision was to broaden the field of investigation of the circuit court. . . ."

In *Park Ridge Fuel & Material Co. v. City of Park Ridge,* 335 Ill. 509, in discussing the extent and scope of the authority of the court "to take evidence" under the aforesaid statutory provision it was said at pp. 515-516:

"Upon such review the court is given power to hear the entire matter de novo, or appoint a referee to hear it and report with findings of fact and conclusions of

law, which shall constitute a part of the proceedings upon which the determination of the court shall be made. The court may reverse or affirm, wholly or partly, or may modify the decision brought up for review. The liberality of review is a departure from that allowed by common law proceedings on certiorari to administrative boards.''

We are impelled to hold that under the facts and circumstances of the instant case and the law applicable thereto it is necessary for the superior court on its review of the decision of the zoning board of appeals ''to hear the entire matter *de novo* or appoint a referee to hear it.''

For the reasons stated herein the judgment order of the superior court of Cook county is reversed in its entirety and the cause is remanded with directions that the entire matter be heard *de novo* by said court or that a referee be appointed to hear it and that such further proceedings be had as are requisite for the proper disposition of the writ of certiorari issued to review the decision of the zoning board of appeals.

*Judgment order reversed and cause remanded with directions.*

FRIEND, P. J., and SCANLAN, J., concur.