Village of Justice, a Municipal Corporation, and Oak Lawn Construction Company, Appellants, v. James G. Jamieson et al., Appellees.

Gen. No. 46,615.

First District, Second Division.

September 20, 1955.

Released for publication October 25, 1955.

114

Harvey L. Cavender, Joseph C. Kanak, and Chester R. Wesly, all of Chicago, for appellants.

John Gutknecht, State's Attorney of Cook County, Daley & Lynch, and Lawlor & Walsh, all of Chicago, for appellees; Gordon Nash, Martin R. Handelman, Charles D. Snewind, and William Sylvester White,

Assistant State's Attorneys, and George J. Schaller, and Edwin D. Lawlor, all of Chicago, of counsel.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

█ Plaintiffs filed this suit praying that the court declare invalid an ordinance of the County Board of Cook County, rezoning certain real estate described in the complaint and seeking an injunction to restrain defendants James G. Jamieson, Edward T. Morris, Bernard F. Gerard, Jr. and Marjorie Martin, as trustee, from proceeding with the erection and construction of a trailer camp upon the premises. The chancellor upon motion of defendants struck the complaint and dismissed the suit. The question before us is whether the complaint states a case against defendants. For the purpose of this proceeding the averments of the complaint must be taken as true.

The complaint charges that defendant Marjorie Martin on November 9, 1953, filed an unsworn petition with the County Board of Cook County, seeking to rezone real estate located near the Village of Justice, from F–District (Farming) to I–1 (Light Industry). Light Industry includes trailer camps. The County Board duly transmitted the petition to the Board of Appeals of Cook County for a hearing on the proposed reclassification, and a hearing was held January 8, 1954. Objections were voiced by the parties present and written objections were filed on behalf of certain objectors. A discussion took place but no witnesses were sworn nor was there any request that this be done. On January 28, 1954, the Board of Appeals transmitted its findings to the County Board. The Board of Appeals found that due notice of the hearing had been given; that the property in question is adjacent on the west to an established I–1 District; that north of the property there is a cemetery; that the plan of petitioner is to construct one-story buildings for the construction of

116

finished glass awnings and carports and also a building for the assembling of house trailers; that the owner of the 80-acre tract to the west stated he planned to subdivide his property and to construct homes thereon and that his company had no objection to the proposed amendment; that the Villages of Bridgeview and Justice, both of whose boundaries lie within 1½ miles of the property in question, opposed the proposal. The Board found that the evidence was convincing of the public need and desirability for extension of the present light industrial zone to include that of the property in question, and that the public interest will not thereby be adversely affected and recommended adoption of the ordinance.

The complaint further charged that the matter came up for hearing before the County Board February 1, 1954; that representatives of the Village of Justice and citizens thereof were present, objecting to the adoption of the recommendation of the Board of Appeals; that the County Commissioners said they would take no action at that time; that before any action was taken they would again notify the parties in attendance; that thereafter, without any notice to the plaintiffs, the County Board passed a resolution rezoning the real estate; that plaintiffs had no knowledge of the County Board's action; that an application for a permit for the construction of a trailer camp was then filed with the Building and Zoning Bureau; that defendant Jamieson is Supervisor of that Bureau; that Gerard is Chief of Police of the Village of River Forest, and that Edwin T. Morris is District Engineer for the locality in which the real estate is located and has to do with inspection of all buildings, trailer courts and other improvements upon real estate therein; that Marjorie Martin did not own lots 31, 32 and 33 included in the real estate sought to be rezoned; that those lots were owned by Morris and Jamieson; that any lots mentioned in the petition, being eleven in number,

held by her were held for the benefit of Morris and Jamieson, and that Morris and Jamieson were the real persons in interest in the lots; that Morris and Jamieson are interested in construction of the trailer camp and that therefore they were ineligible to pass upon or permit the issuing of a license or permit. Plaintiffs charge that by reason of the misrepresentation of Marjorie Martin and by reason of the secret interest of Jamieson and Morris, the latter were incompetent to take part in the proceeding or the issuing of the permit. Plaintiff, Village of Justice, states that the trailer camp would cause damage to its streets, depreciate the value of real estate, and cause other damages. Oak Lawn Construction Company, plaintiff, states that it has constructed twelve new homes a short distance west of the real estate in question and is contemplating the construction of at least twenty-four more homes and that the location of a trailer camp as proposed would cause great damage. It is upon this that plaintiffs pray that the amendment to the zoning ordinance be held invalid and that a temporary and permanent injunction issue, restraining the erection, construction and operation of the trailer camp.

██ While the complaint makes charges involving employees of the County Board, no facts of which a court can take legal cognizance are presented. Plaintiffs' brief merely says that the actions of these employees constitutes a fraud upon the plaintiffs' rights but no legal basis is stated on which a temporary or permanent injunction could be decreed. If there is substance to plaintiffs' charges with respect to these employees, it is a matter for the County Board to consider and not for the courts.

Plaintiffs contend that the amendment in question is invalid because no legal hearing was held by the Board of Appeals, no evidence having been presented by witnesses who had been sworn, examined and cross-examined, as in a formal legal proceeding. This point

118

rests upon the requirement of paragraph 152m of the Zoning Act (Illinois Revised Statutes 1953, ch. 34, § 152m [Jones Ill. Stats. Ann. 33.190(5)]) which reads as follows:

"The regulations imposed and the districts created under the authority of this Act may be amended from time to time by ordinance or resolution, after the ordinance or resolution establishing same has gone into effect, but no such amendments shall be made *without a hearing* before the board of appeals."

Under paragraph 152k.3 of the Zoning Act (Illinois Revised Statutes 1953, ch. 34, § 152k.3 [Jones Ill. Stats. Ann. 33.190(3.3)]), the Board of Appeals is authorized to hear and decide appeals from and review any order, requirement, decision or determination made by an administrative official charged with enforcement of an ordinance or resolution adopted pursuant to the Act.

Two types of hearings are thus provided for before the Board of Appeals. Under paragraph 152k.3 it sits as a reviewing administrative agency to determine the validity of an administrative act, and from an order entered in such a hearing an appeal may be taken to the courts. Under paragraph 152m it sits as a sort of legislative committee to give parties a hearing and to give the County Board facts with respect to the merits of a proposed amending resolution, as it did in the instant case. In such a case the action having legal significance is the County Board's passage of the amending ordinance. This being legislative, the court cannot inquire into whether the action of the County Board was based on adequate knowledge nor into the motives of its members or employees, nor is there any principle or precedent on which a legislative act may be held invalid because some fact was misrepresented to the legislative body. The nature of an inquiry by the County Board and by the Board of Appeals is different from that conducted by the Board of Appeals under paragraph 152k.3. It cannot be limited

119

to the formality of a legal hearing. Various groups of citizens may be heard in protest or in favor of a proposed change. The merits of an amending ordinance as it relates to a particular locality balanced against the general needs of the county are required to be taken into consideration. These are legislative questions.

Plaintiffs in support of their position cite Flick v. Gately, 328 Ill. App. 81; Magnolia Petroleum Co. v. National Labor Relations Board, 112 F.2d 545; and Chicago & E. I. Ry. Co. v. Commerce Commission ex rel. Hoopeston Grain & Coal Co., 341 Ill. 277. It will be noted that these are all cases in which appeals from administrative orders are involved. In the first case cited, Flick v. Gately, the plaintiff was given a permit by the Building Commissioner of the City of Chicago to operate a machine shop. Adjoining property owners appealed from the Building Commissioner's order to the Zoning Board, questioning the decision on the ground that the plaintiff's premises were in a district zoned for commercial purposes. After a "purported hearing," the Zoning Board reversed the Commissioner of Buildings. The case was taken to the Superior court by the plaintiff and upon an adverse decision, an appeal was taken to this court. This Division reversed and remanded the case to the Superior court with directions to hear the entire matter de novo. The court referred to Hughes v. Board of Appeals of Chicago, 325 Ill. 109, and quoted therefrom as follows, p. 91:

" 'In providing for the review of the order of a zoning board of appeals by means of a writ of certiorari the legislature saw fit to widen the field of review by the court so as to include not only questions of jurisdiction and regularity but also questions of fact, if the court should deem necessary for the proper disposition of the matter. . . . The object of this provision was to broaden the field of investigation of the circuit court.' "

With respect to the particular method of procedure for conducting hearings before the Board of Appeals on appeals from administrative orders, the court said that as no method was provided, its hearings must be governed by established rules of procedure, that the Board did not afford the plaintiff a hearing as required by law, that no witnesses were heard and that, in effect, a hearing was refused. The proceeding before the Board of Appeals, insofar as it relates to appeals from administrative officers, was considered by the court in Flick v. Gately, supra, to have the aspects of a judicial hearing. That cannot be said to apply to a Board of Appeals acting pursuant to a resolution to hold a hearing and to report its recommendations on a legislative matter to the County Board. The other cases cited by plaintiffs are likewise distinguishable.

██ ██ Plaintiffs also contend that as paragraph 152k.2 of the Zoning Act (Illinois Revised Statutes 1953, ch. 34, § 152k.2 [Jones Ill. Stats. Ann. 33.-190(3.2)]) empowers the chairman of the Board of Appeals upon a hearing to administer oaths and compel the attendance of witnesses, we should construe this to be an absolute requirement as to all hearings. We do not so consider it in a proceeding such as the one involved in the instant case. That there was a discussion of the merits and demerits of the proposed resolution, that various groups presented their views and that these were duly registered with the County Board all appear clear from the averments of the complaint. We hold that this was an adequate compliance with the requirements of the statute. Other points urged by plaintiffs appear to us to be without merit.

Order affirmed.

McCORMICK, P. J. and ROBSON, J., concur.