Board of Education of Wellington Community Unit School Dist. No. 7 of Iroquois County, Illinois, et al., Plaintiffs-Appellants, v. County Board of School Trustees of Vermilion County, Illinois, an Administrative Agency, et al., Defendants-Appellees.

Gen. No. 10,095.

Third District.

May 27, 1957.

Released for publication June 12, 1957.

Foreman, Meachum and Clapper of Danville, and Pallissard, Fleming and Oram, of Watseka, for appellants.

Acton, Baldwin, Bookwalter & Meyer, John T. Allen, State's Attorney of Vermilion county, and V. W. McIntire, all of Danville (V. M. Acton and V. W. McIntire, of Danville, of counsel), for appellees.

JUDGE ROETH delivered the opinion of the court.

As Modified on Denial of Petition for Rehearing.

On October 7, 1954, a petition was filed with the County Board of School Trustees of Vermilion County, Illinois, by persons residing in the Wellington Community Unit School District No. 7 of Iroquois County, Illinois, where it was requested that certain property therein described be detached from the Wellington School District and annexed to the East Lynn School District.·

Thereafter, after complying with the necessary requirements as to publication and notice, a hearing was held on said petition before the Vermilion County Board of School Trustees. On December 15, 1954, the County Board of School Trustees of Vermilion County entered an order granting the petition and directing that the territory described in the petition be detached from the Wellington School District and annexed to the East Lynn School District. This order of the defendant, County Board of School Trustees, was there-

after appealed to the Circuit Court of Vermilion county pursuant to the provisions of the Administrative Review Act. On appeal, the order of the County Board of School Trustees was affirmed by the Circuit Court. This appeal is from the affirmance by the Circuit Court.

Essentially, the appellants here, being the Wellington Community Unit School District No. 7, and other objectors to the detachment and annexation, assert three grounds for reversal of the order of the Circuit Court. First, it is contended that the order entered by the County Board of School Trustees is erroneous and invalid for the reason that at the hearing the board refused to have the witnesses placed under oath prior to hearing their testimony, and secondly and related to the first point, it is the contention that the proceedings before the board could not result in a valid order for the reason that the board refused the appellants the right to cross-examination of the witnesses. Appellants, through their counsel, made timely objection to procedure adopted by the County Board of School Trustees and we think the questions presented were properly preserved for review. Finally, the order of the County Board of School Trustees contains no findings of fact or conclusions of law as a basis for the order and this is asserted as the third ground for error on this appeal.

At the time of the filing of the petition with the County Board of School Trustees of Vermilion County, the applicable section of the School Code (Article 4B—2, Chap. 122, Ill. Rev. Stats. 1953) provided:

"New school districts lying within two or more counties may be created and the boundaries of existing school districts lying within two or more counties may be changed by detachment, annexation, division, dissolution or consolidation or any combination thereof by the action of the county board of school trustees of the county in which the county superintendent of

564

schools has supervision over the annexing district, or in which the county superintendent of schools will have supervision over the proposed new district or consolidated district, when petitioned by the boards of each district affected, or by a majority of the legal voters residing in each district affected, or by two-thirds of the legal voters residing in any territory proposed to be detached from one or more districts or in each of one or more districts proposed to be annexed to or consolidated with another district. If there are no legal voters residing within the territory proposed to be detached from one or more districts, then the petition may be signed by all of the owners of record of the real estate of the territory. The annexing district is that district to which territory is proposed to be added."

Further, Article 4B in sub-section 3 thereof provides that no petition shall be granted unless certain conditions specified in the sub-section 3 shall have been met, or unless the annexation or detachment would not result in certain circumstances apparently deemed by the legislature to be harmful to a community unit district or high school district.

Sub-section 4 of Article 4B provides for the notice and procedure to be followed by the County Board of School Trustees, and "the hearing" on the petition for detachment or annexation. It is provided in this section that the petitioner shall pay the expenses of publishing notices and of any transcript taken at the hearing, and that prior to the hearing, the secretary shall submit to the County Board of School Trustees maps showing the school districts involved, the report of the financial and educational conditions of districts involved, and the probable effect of the proposed changes. Thereafter, the County Board of School Trustees is required to "hear evidence as to the school needs and conditions of the territory in the area within and adjacent thereto and as to the ability of the dis-

tricts affected to meet the standards of recognition as prescribed by the Superintendent of Public Instruction." It is further provided that at "the hearing" any resident of the territory described in the petition, or any resident in any district affected by the proposed change of boundaries, may appear in support of the petition, or to object to the granting of the petition. At the conclusion of the hearing and within thirty (30) days, the County Board is required to enter an order either granting or denying the petition.

This order of the County Board of School Trustees is made subject to the provisions of the Administrative Review Act, and under the provisions of that act, any judicial review thereof would be based upon the record of the Administrative proceedings had before the County Board of School Trustees.

The procedure outlined in the statute was followed in this case insofar as the mechanical aspects thereof are concerned. Two vital elements, however, were missing from the "hearing" before the County Board of Trustees. The record on this case indicates that the County Board did not swear, or have sworn, any witnesses who appeared in support of or in opposition to the petition, and further that they refused the right of cross-examination of witnesses with a single exception.

We view the question presented on this appeal to be narrowed down to one of determining whether or not, in arriving at a decision on a petition filed in accordance with Article 4B of the School Code, as it existed at the time this petition was filed, the County Board of School Trustees may act upon the petition following a course of procedure as hereinabove outlined.

■ ■ It is fundamental that the state may, with or without the consent of the inhabitants of a school district, and with or without notice or hearing, take the school facilities in the district without compensation and vest them in other districts or agencies. This is

566

for the reason that a school district as such owns no property. All school facilities, such as grounds, buildings, equipment and so forth are in law and in fact the property of the state of Illinois, and subject to the legislative will. Pritchett v. County Board of School Trustees, 5 Ill.2d 356, 125 N.E.2d 476.

In passing upon petitions for annexation or detachment of a territory, the County Board of School Trustees can either allow or deny the petition before it, but cannot modify. The function of passing upon a petition is neither a delegation of legislative nor judicial power. School District No. 79 v. School Trustees, 4 Ill.2d 533, 123 N.E.2d 475. Since the legislature may, in its wisdom, change, alter or modify the boundaries of school districts, it is obvious that it can authorize the discharge of this administrative duty, by other agencies and prescribe for them general standards to be followed in the execution of the delegated function. It has previously been determined that the standards prescribed in Article 4B are sufficient to serve as an adequate guide for the administrative body. Community Unit School District v. County Board, 9 Ill.App.2d 116, 132 N.E.2d 584.

The County Board of School Trustees is an administrative agency. Pritchett v. County Board of School Trustees, 5 Ill.2d 356, 125 N.E.2d 476. As such it is an arm of the legislative branch of government. However, in authorizing the administrative agency to act, the legislature has set up certain standards, attached certain conditions and required determination of certain facts. To this end it has provided for a hearing and notice thereof, required the hearing of evidence, and provided for a review of the action taken. The *proceedings* therefore, before the County Board of School Trustees are quasi judicial in character. (Emphasis supplied.)

In prescribing such a procedure, we can only presume that the legislature intended to place the whole

administrative machinery into the well defined, orderly proceeding commonly applicable to such proceedings.

In Flick v. Gately, 328 Ill. App. 81, 65 N.E.2d 137, in commenting upon the hearing requirements before a zoning board of appeals, it was held:

"Inasmuch as no particular method of procedure for the conduct of hearings before the Board on appeal is provided for either in the Illinois Zoning Act (par. 73-1 to and including par. 73-10 Cities and Villages Act—ch. 24, Ill. Rev. Stat. 1943 (Jones Ill. Stats. Ann. 21.2122 et seq.)) or in the zoning ordinance of the City of Chicago, its hearings must be governed by established rules of procedure applicable generally to administrative tribunals. In 42 Am. Juris. under the heading 'Public Administrative Law', it is said in sec. 150, 'The mere holding of a hearing does not justify administrative action required to be based on a hearing. The decision of the trier of the facts must be reached in accordance with the facts proved, and it must find adequate support in the evidence, formally introduced at the hearing, in all its essential elements.' "

In C. & E. I. Ry. Co. v. Commerce Commission, 341 Ill. 277, 173 N. E. 380, it was held that the making of findings (the determination of certain facts) by an administrative agency, necessitates the hearing of evidence with an opportunity to all parties to know of the evidence to be submitted or considered, to cross-examine witnesses, to inspect documents and to offer evidence in explanation or rebuttal.

██ It is axiomatic that the words of a statute will be construed in their ordinary sense and with the meaning commonly attributed to them unless such construction will defeat the manifest intention of the legislature.

568

In Braden v. Much, 403 Ill. 507, 87 N.E.2d 620, the court said:

"We have previously defined the words 'public hearing' before any tribunal or body, by the accepted definitions of lexicographers and courts, to mean the right to appear and give evidence and also the right to hear and examine the witnesses whose testimony is presented by opposing parties. (Farmers' Elevator Co. v. Chicago, Rock Island and Pacific Railway Co., 266 Ill. 567, 573)"

In Jones v. Gregory, 48 Ill. App. 228, the Court held the term evidence included the statements of a witness *under oath,* documentary evidence and whatever might be otherwise inspected by the trier of facts. (Emphasis supplied.)

■ A careful review of the record in this case does not indicate that there was a "hearing" within the above definitions. On the contrary, there was only a meeting of the Board of School Trustees wherein a parade of proponents and opponents to the petition stated their wishes. These persons were not under oath. They were not subject to cross-examination that can be so helpful in ascertaining fact not mere opinion. The hearing here is a statutory hearing wherein the term "hearing" must mean orderly proceeding. The term "evidence" must refer to the commonly accepted definition of that word. The procedure here is not in keeping with either.

The absence of statutory authority for the board, its members or officers, to administer oaths to witnesses, does not negate the possibility of having witnesses sworn. If the witnesses are not sworn, the reasons for cross-examination are more compelling.

Since the filing of the petition for detachment in this case, the statute under which these proceedings were instituted, has been changed by amendment by the legislature. The statute now requires the con-

current action of the County Board of School Trustees of both the annexing and detaching districts, where the territory, as in this case, lies within two counties. The statute as amended now requires the petition to be originally filed with the County Board of School Trustees of the detaching district with the hearing to be initially conducted by that board. The amendments concern procedural matters and in view of the changes made it would not be possible for this court to direct a rehearing on the petition as originally filed.

Accordingly the order of the Circuit Court of Vermilion county is reversed.

Reversed.

REYNOLDS, P. J. and CARROLL, J., concur.