BOARD OF EDUCATION OF RICH TOWNSHIP HIGH SCHOOL DISTRICT No. 227, Cook County, *et al.*, Plaintiffs-Appellants, v. TERRENCE L. BROWN *et al.*, Defendants-Appellees.

First District (1st Division)   Nos. 1—98—1169, 1—98—1748, 1—98—2221 cons.

Opinion filed December 30, 1999.—Rehearing denied February 29, 2000.

Anthony G. Scariano, Raymond A. Hauser, Todd K. Hayden, and Christopher S. Ward, all of Scariano, Kula, Ellch & Himes, Chartered, of Chicago Heights, for appellants.

Thaddeus J. Stauber and Jason S. Ornduff, both of Eckhart, McSwain, Silliman & Sears, of Chicago, for appellees.

JUSTICE TULLY delivered the opinion of the court:

Defendants are residents of a small residential real estate development and subdivision known as the Greens (Greens) in Olympia Fields, Illinois. Defendants seek to detach the Greens from Rich Township High School District 227 (Rich Township) and annex to Homewood-Flossmoor High School District 233 (Homewood-Flossmoor) pursuant to the provisions of section 7—2b of the Illinois School Code (105 ILCS 5/7—2b (West 1994)).

Plaintiffs, Rich Township and Willis Brunson, the former president of the board of education of Rich Township District 227, object to the detachment and assert defendants are racially driven and therefore the grant of this detachment from Rich Township violates the equal protection clause of the United States Constitution as well as Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d *et seq.* (1994)).

■ The Illinois School Code permits the residents of a school zone to move the territory from the jurisdiction of one school district to another by petition, provided that two-thirds of the zone's residents approve, the tract contains 10% or less of the valuation of the ceding district, and the resulting district will be contiguous. 105 ILCS 5/7—2b (West 1994).

Section 6—2(b) requires a joint board composed of the board of trustees of each township affected by the proposed detachment and annexation (Joint Board) to assemble and conduct an evidentiary hearing on the merits of the filed petition to detach. 105 ILCS 5/6—2(b) (West 1994). There must be a unanimous vote of all affected townships to effect any proposed boundary change. 105 ILCS 5/7—

04(a) (West 1994). Four townships were affected by this petition: Bloom, Bremen, Rich and Thornton.

Residents of the Greens have voted four times to detach from Rich and annex to Homewood-Flossmoor between 1992 and 1993; the first two attempts were dismissed by the hearing board for failure to comply with statutory procedural requirements and the third was denied for failure to present evidence regarding the equalized assessed valuation of the Greens.

The fourth petition, which gives rise to the instant proceedings, was filed on December 20, 1993. In January 1994, plaintiffs countered by filing a petition to remove to federal court pursuant to 28 U.S.C. § 1331 (28 U.S.C. § 1331 (1994)).

In February 1995, the federal court remanded the matter to the Joint Board, holding it did not have proper jurisdiction because an administrative agency is not the equivalent of a state tribunal for purposes of removal. Consequently no justiciable violation of civil rights had yet occurred.

The Joint Board scheduled and conducted a hearing on the previously filed petitions in May 1995. Three townships voted to grant the petition for detachment. However, Thornton denied the petition concluding defendants failed to establish the exact number of registered voters residing in the Greens at the time the petition was filed as required by section 7—2b. The vote was not unanimous; therefore, the petition to detach was denied.

Defendants filed a timely motion for rehearing pursuant to section 7—6(n). 105 ILCS 5/7—6(n) (West 1994). The Joint Board granted the motion and ordered defendants to file the written evidence required by the Thornton decision within 10 days. Defendants complied and the Joint Board granted the petition to detach on August 29, 1995.

Plaintiffs filed a complaint for administrative review in the circuit court of Cook County on October 4, 1995. The complaint also contained three separate counts alleging the detachment violated the equal protection clause of the fourteenth amendment to the United States Constitution (U.S. Const., amend. XIV) and Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d et seq. (1994)) as well as an attack on the facial constitutionality of section 7—2b.

The circuit court affirmed the Joint Board's decision to grant detachment based upon the requirements of section 7—2b but remanded the matter to the trustees to "entertain constitutional questions."

Pursuant to the trial court's remand order, the Joint Board conducted hearings regarding the constitutional claims asserted by plaintiffs and rendered a final administrative decision and order deny-

ing the petition for detachment on August 28, 1997. Each township rendered a written decision setting forth its findings of fact and conclusions of law as to the constitutional claims. Unanimity of opinion absent, the Joint Board denied the detachment upon consideration of plaintiffs' constitutional challenges.

On March 4, 1998, the circuit court entered an order stating in relevant part: "The Township Trustees should have granted the Defendants' petition and allowed the detachment and annexation pursuant to 105 ILCS 5/7—2b. As the Order of November 15, 1996 indicated, Defendants had complied with all of the conditions and requirements of Section 5/7—2(b). The Township Trustees, pursuant to Section 5/7—2(b), are not empowered to consider any evidence other than those necessary to determine whether the conditions of the Section had been met. The Order of September 27, 1996 was intended to have the Township Trustees develop a record of constitutional claims and arguments, but not for the purpose of basing the detachment decision on that constitutional record." The circuit court reversed the Joint Board's decision and granted detachment.

Plaintiffs appeal from the circuit court orders entered March 4, 1998, April 24, 1998, and June 5, 1998. This court has jurisdiction pursuant to Supreme Court Rule 301 (155 Ill. 2d R. 301).

The issues raised on appeal are whether: (1) the petitions signed by the residents of the Greens are sufficient as a matter of law; (2) the Joint Board conducted a proper hearing; (3) the Joint Board erroneously granted defendants' motion for rehearing; (4) the circuit court applied the proper standard of review; (5) the circuit court erred in reversing the Joint Board's decision; (6) the circuit court improperly disposed of plaintiffs' independent constitutional claims solely based upon the administrative record.

I

■ The Illinois School Code requires courts to review a detachment decision in accordance with the Administrative Review Law (735 ILCS 5/3—101 et seq. (West 1994)). 105 ILCS 5/7—7 (West 1994). The scope of judicial review extends to all questions of law and fact presented by the record. 735 ILCS 5/3—110 (West 1994); American Stores Co. v. Department of Revenue, 296 Ill. App. 3d 295 (1998). An agency's factual findings are deemed prima facie true and correct and should not be disturbed on review unless they are contrary to the manifest weight of the evidence or legally erroneous. Sedol Teachers Union v. Illinois Educational Labor Relations Board, 276 Ill. App. 3d 872 (1995). On the other hand, reviewing courts are not bound by an agency's interpretation of the law. Coronet Insurance Co. v. Schacht, 264 Ill. App. 3d 359 (1994).

An administrative agency's decision is deemed contrary to the manifest weight of the evidence only when the court determines that no rational trier of fact could have agreed with the agency's decision after viewing all the evidence in the light most favorable to the agency. *Board of Education of Schaumberg Community Consolidated School District No. 54 v. Illinois Educational Labor Relations Board*, 247 Ill. App. 3d 439 (1993). The mere fact that an opposite conclusion is reasonable or that the court reviewing an administrative decision might have ruled differently will not justify reversal of administrative findings. *DeCastris v. State Employees Retirement System*, 288 Ill. App. 3d 136 (1997). It is not this court's duty to reweigh the evidence or make an independent determination of the facts but instead to determine whether the findings are supported by some evidence. *Caliendo v. Martin*, 250 Ill. App. 3d 409 (1993).

The first issue to be determined is whether the petitions were invalid because certain signers failed to include a proper statement of their addresses on the petition. Plaintiffs note that most of the signatures on the petitions set forth a street address but fail to include a municipal designation and cite *Board of Education of Wapella Community Unit School District No. 5 v. Regional Board of School Trustees*, 247 Ill. App. 3d 555 (1993), for the general proposition that failure to include a municipal designation along with a street address and signature is a fatal flaw which invalidates that signature. We do not agree with plaintiffs' interpretation of this case.

The *Wapella* court clearly held the "addresses of petitioners were sufficiently set forth 'if the identity of the registered voter can readily be determined from the address provided.' " *Wapella*, 247 Ill. App. 3d at 558, quoting *Board of Education of Wapella Community Unit School District No. 5 v. Regional Board of School Trustees*, 245 Ill. App. 3d 776, 785 (1993). The court did conclude one signature was invalid for failure to include a municipal designation along with a street address, but we believe that conclusion was specific to the facts of that case.

*Wapella* involved a "substantial rural area," which included several small farm communities and unincorporated areas of Illinois. Conversely, the instant case relates to a very small subdivision located entirely within the village of Olympia Fields, Illinois. Additionally, the face of the petitions contained the legal description of the territory to be detached followed by the descriptive language, "The above-described Territory constitutes the Planned Unit Development subdivision of Olympia Fields, Illinois, known as 'The Greens of Olympia Fields.' " The identity of each and every individual can be readily determined by the name and street address when read in conjunction with the remaining contents of the petition and we therefore hold the signatures to be valid as set forth on the petitions.

■ Plaintiffs further argue the signatures on the petitions were stale because they were over one year old at the time of the hearing. Section 7—1 of the School Code provides that the signatures on the petition shall not be older than six months at the time of the filing of the petition. 105 ILCS 5/7—1(a) (West 1994). The signatures on the petitions in this case were dated between October 21, 1993, and December 21, 1993. The petition was filed with the Joint Board in December 1993. Clearly the signatures were obtained well within the six-month time parameter set forth in section 7—1 at the time of filing.

■ However, plaintiffs reason that section 7—1 of the School Code must be read along with section 7—6(b) (105 ILCS 5/7—6(b) (West 1994)), which requires the Joint Board to provide public notice of the receipt of a petition within 30 days of the filing date, and section 7—6(f) (105 ILCS 5/7—6(f) (West 1994)), which requires the trustees to act on the petition by scheduling the hearing not more than 15 days after publication of the notice. Thus, plaintiffs conclude that, at the time of a hearing, the signatures should not be more than 7$\frac{1}{2}$ months old. While we agree in principle with the plaintiffs' argument, we also note that there are exceptions, the facts in this case giving rise to one.

The hearing before the Joint Board was delayed because the plaintiffs attempted to remove this matter to federal court. Plaintiffs argue that defendants could have filed a motion to remand with the federal court and their failure to do so exhibited utter disregard for the timelines set forth in the School Code. We disagree.

The mere filing of a motion does not assure the relief requested therein will be granted. Moreover, the filing of such a motion in this case would not have necessarily resulted in a hearing being held by the trustees within the time frame as contemplated by the statute and delineated by petitioners. Furthermore, the logical result of plaintiffs' argument yields the conclusion that any detachment petition could be defeated by filing a removal petition or initiating another form of collateral attack until sufficient time had passed for the signatures to become stale. The signatures were collected and filed timely in accordance with section 7—1 (105 ILCS 5/7—1 (West 1994)). Therefore, we conclude the signatures were not stale and defendants' petition was sufficient as a matter of law.

We next consider plaintiffs' claim that the Joint Board did not conduct a "proper" hearing. Specifically, plaintiffs take issue with the fact that defendants did not present any witness testimony. They further contend counsel for defendant rendered testimony regarding the statutory elements.

Plaintiffs rely on *Board of Education of Wellington Community*

*Unit School District No. 7 v. County Board of School Trustees*, 13 Ill. App. 2d 561 (1957), wherein the court defined a proceeding as being a proper public hearing where both parties have a right to appear and give evidence as well as the right to hear and examine witness testimony. Evidence includes statements of a witness under oath, documentary evidence and whatever might be otherwise inspected by the trier of fact. *Wellington*, 13 Ill. App. 2d at 569. The court concluded the school board had merely organized a meeting wherein a "parade of proponents and opponents to the petition stated their wishes." 13 Ill. App. 2d at 569. Those individuals were not placed under oath nor were they subject to cross-examination. The opinion does not indicate whether any other evidence was offered or introduced during the proceeding. Consequently, the court reversed the agency decision.

■ We believe the facts in *Wellington* are inapposite to those in the case at bar. Defendants appeared before the Joint Board and offered into evidence certified documents including maps, poll sheets prepared by the county clerk, and assessed valuation computations prepared by the county assessor. Plaintiffs' claim of error begs the question, What oral testimony, if any, is necessary to comply with the terms of the statute?

After a review of section 7—2b, we conclude that evidence sufficient to comply with its terms could be tendered by officially prepared and certified documents. Not unless and until the authenticity or accuracy of the documents sought to be introduced as evidence was questioned or rebutted would oral testimony be necessary.

As a subissue, plaintiffs assert defendants did not present evidence with respect to contiguity and making the boundaries identical. We have reviewed the record and note that it contains certified maps which clearly delineate the boundaries of the districts affected by the proposed detachment. Plaintiffs urge the maps alone are insufficient to meet the evidentiary requirements of section 7—2b, yet do not suggest how or why those maps fail.

The party appealing the administrative agency's decision bears the burden of proof and providing a sufficient record to support any claims of error. *King v. Justice Party*, 284 Ill. App. 3d 886 (1996). In the absence of any specific challenge to the accuracy of any maps presented, we conclude certified maps of the affected areas clearly delineating the boundaries of both the detaching area as well as the existing boundaries of the high school districts are sufficient to meet the evidentiary burden relating to contiguity in section 7—2b. See *School District No. 106 v. County Board of School Trustees*, 48 Ill. App. 2d 158 (1964).

■ We next consider plaintiffs' contention the trustees erred in

granting defendants' motion for rehearing. Section 7—6(n) of the School Code provides, in relevant part:

> "Within ten days after service of a copy of the order granting or denying the petition, any person so served may petition for a rehearing and, upon sufficient cause being shown, a rehearing may be granted." 105 ILCS 5/7—6(n) (West 1994).

Plaintiffs specifically allege defendants failed to make a showing of "sufficient cause" in support of their motion for rehearing and therefore it should have been denied. Defendants' motion for rehearing specifically addressed the alleged evidentiary inadequacies set forth in Thornton Township's decision denying detachment. In sum, Thornton concluded defendants failed to prove the number of registered voters in the Greens. Without this number, an accurate assessment of whether or not two-thirds of those individuals signed the petition could not be made.

At the hearing, defendants submitted a certified list of the registered voters within the entire precinct of which the Greens comprises only a small portion. The Thornton decision concluded defendants should have produced official documents that calculated the exact number of registered voters residing within the Greens. "[R]equiring the Trustees to go through the voter registration list to determine which registered voters were properly residing in the detaching area amounted to transferring the burden of proving the correct number of registered voters from Petitioners to the hearing board."

■ Section 7—1 of the School Code provides "[r]egistered voters shall be determined by the official voter registration lists as of the date the petition is filed." 105 ILCS 5/7—1 (West 1994). Defendants argued in their motion for rehearing that the lists required by Thornton Township were not "official lists" in that they are not kept in the ordinary course of business in the Cook County clerk's office; they are special lists not contemplated by the plain language of section 7—1. We agree.

This court in *Ambrose v. Thornton Township School Trustees*, 274 Ill. App. 3d 676 (1995), addressed this very issue and concluded that the certified voter registration list for the entire precinct was sufficient to set forth a *prima facie* case. The court stated: "Although it would have been permissible for the [defendants] to have provided testimony or a certificate from the county clerk, the cases cited do not hold that the [defendants] would be unable to meet their burden of proof under section 7—2b in the absence of such evidence." *Ambrose*, 274 Ill. App. 3d at 682. See also *Seelhoefer v. Regional Board of School Trustees*, 266 Ill. App. 3d 516 (1994); *Augustine v. Regional Board of*

*School Trustees*, 253 Ill. App. 3d 827 (1993). Because *Ambrose* was reversed in part based upon this exact set of facts, we cannot conclude it error to have allowed the supplementation of evidence erroneously required by Thornton. Moreover, whether or not to grant a motion for rehearing is discretionary. We do not believe the trustees abused their discretion in allowing this motion.

## II

Plaintiffs' complaint for administrative review contains three separate counts advancing constitutional claims. Count I alleged the grant of detachment violates the equal protection clause of the United States Constitution. Count II asserts detachment violates Title VI of the Civil Rights Act of 1964. Count III contains a facial attack on the validity of section 7—2b.

In reviewing an administrative decision, the trial court exercises a statutory and not a general appellate jurisdiction. Therefore, its powers are limited to the functions enumerated in section 3—111 of the Administrative Review Law. *Adamek v. Civil Service Comm'n*, 17 Ill. App. 2d 11 (1958). The scope of review extends to all questions of law and fact presented by the entire record however is limited to the evidence adduced at the administrative level. The court may not consider any new evidence. 735 ILCS 5/3—110 (West 1994).

A trial court reviewing agency action pursuant to the Administrative Review Law may examine, *de novo*, constitutional issues. *Howard v. Lawton*, 22 Ill. 2d 331 (1961). "To hold otherwise would result in piecemeal litigation by first requiring review of an administrative body's decision and then entertaining another action to test constitutionality brought on by such decision." *Howard*, 22 Ill. 2d at 333. If the constitutional question raised in the administrative proceedings addresses the fairness of those proceedings or the application of constitutional principles to the facts of the case before the administrative tribunal, the court is bound by the record made at the administrative level. *Reich v. City of Freeport*, 527 F.2d 666, 671 (7th Cir. 1975); *City of Chicago v. Piotrowski*, 215 Ill. App. 3d 829, 834 (1991). Should the administrative record be insufficient to sustain a ruling on the constitutional claim, the trial court may remand the matter to the agency for further evidence. 735 ILCS 5/3—111(7) (West 1994); *Reich*, 527 F.2d at 671; *Sanderson v. De Kalb County Zoning Board of Appeals*, 24 Ill. App. 3d 107 (1974).

On the other hand, facial attacks to the constitutionality of a statute are not dependent on the factual record developed by the administrative agency. Therefore, they may be brought without exhaustion of administrative remedies; the court is not confined by

the administrative record. *Bank of Lyons v. County of Cook*, 13 Ill. 2d 493 (1958); *Phillips v. Graham*, 86 Ill. 2d 274, 289 (1981).

Constitutional challenges to an administrative action pursuant to 42 U.S.C. § 1983 may also be may be raised in a complaint for administrative review. *Howard*, 22 Ill. 2d at 333. *Stratton v. Wenona Community Unit District No. 1*, 133 Ill. 2d 413, 428 (1990). A section 1983 action is not a review proceeding even when it challenges administrative action that has an adjudicative component. *Hameetman v. City of Chicago*, 776 F.2d 636, 640 (7th Cir. 1985). Such a claim is an original action independent of the administrative review proceeding and is therefore plenary in its scope. *International College of Surgeons v. City of Chicago*, 91 F.3d 981, 993 (7th Cir. 1996); *Stratton*, 133 Ill. 2d at 428; *Hameetman*, 776 F.2d at 640.

The courts have further held such a suit will be entertained both with respect to facial and "as applied" challenges to the administrative action. *International College of Surgeons v. City of Chicago*, 91 F.3d 981, 993 (7th Cir. 1996), *rev'd on other grounds*, 522 U.S. 156, 139 L. Ed. 2d 525, 118 S. Ct. 523 (1997), *on remand*, 153 F.3d 356 (7th Cir. 1998).

We begin our analysis with an examination of the propriety of the trial court's remand of the constitutional issues to the Joint Board. Throughout the hearings on remand, the Joint Board maintained it was without jurisdiction to sit in judgment of the constitutional ramifications of its decision.[1] While this issue is not raised by plaintiffs on appeal to this court, we note this was a disputed issue at both the administrative and trial court levels. Additionally, after carefully reviewing the record, we conclude it is an issue that requires our consideration. The trial court entered the following order on September 27, 1996: "The township Trustees failed to consider constitutional issues raised by Plaintiffs. This action is remanded to the Township trustees to allow the Trustees to entertain constitutional questions."

While the trial court has the discretion to remand to the administrative agency for further proceedings (735 ILCS 5/3—111 (West 1994)[2]; *Caliendo v. Martin*, 250 Ill. App. 3d 409, 419 (1993)),

---

[1]Each of the four townships composing the Joint Board included a jurisdictional statement in its written decision that concluded the Joint Board lacked jurisdiction to entertain constitutional questions. However, the Joint Board convened to hear evidence impacting on the constitutional issues solely because it was ordered to do so by the trial court.

[2]Section 3—11 (735 ILCS 5/3—111 (West 1994)) states:

"(a) The Circuit Court has the power:

\* \* \*

(6) where a hearing has been held by the agency, to reverse and

remand is appropriate when the record produced as the result of the administrative process is clearly inadequate, further findings of fact are required or the agency has failed to sufficiently explain the basis of its decision. *Figueroa v. Doherty*, 303 Ill. App. 3d 46 (1999); *Gallo v. Amoco Corp.*, 102 F.3d 918 (7th Cir. 1996), *rehearing & suggestion for rehearing denied, cert. denied*, 521 U.S. 1129, 138 L. Ed. 2d 1031, 117 S. Ct. 2532 (1997).

■ Further, an administrative agency must accept as constitutional the statute over which it has jurisdiction. *Wiseman v. Elward*, 5 Ill. App. 3d 249, 257 (1972); *Phelan v. County Officers Electoral Board*, 240 Ill. App. 3d 368, 373 (1992). An agency lacks the authority to invalidate a statute on constitutional grounds or even to question its validity. *Texaco-Cities Service Pipeline Co. v. McGaw*, 182 Ill. 2d 262, 278 (1998).

■ However, the only evidence yet to be presented at the point of remand was evidence relating to the constitutional ramifications of the Joint Board's decision and the validity of section 7—2b itself. The circuit court had previously affirmed the Joint Board's decision to grant detachment based upon the requirements of section 7—2b. Detachment is the only question within the jurisdiction of the Joint Board to decide. In fact, the circuit court acknowledged the Joint Board's lack of jurisdiction in its order of April 24, 1998.[3] That order stated: "Administrative entities, such as the Board of Education of Rich Township High School District, have no authority to decide and

---

remand the decision in whole or in part, and, in that case, to state the questions requiring further hearing or proceedings and to give such other instructions as may be proper;

(7) where a hearing has been held by the agency, to remand for the purpose of taking additional evidence when from the state of the record of the administrative agency or otherwise it shall appear that such action is just. However, no remandment shall be made on the ground of newly discovered evidence unless it appears to the satisfaction of the court that such evidence has in fact been discovered subsequent to the termination of the proceedings before the administrative agency and that it could not by the exercise of reasonable diligence have been obtained at such proceedings; and that such evidence is material to the issues and is not cumulative[.]" 735 ILCS 5/3—111(6), (7) (West 1994).

[3]We note the administrative tribunal in this matter was composed of the trustees of the four townships affected by the petition, of which Rich Township was one. The Board of Education of Rich Township was not represented on the Joint Board.

are not capable of deciding the legal questions regarding the constitutional validity of Section 5/7—2b. This case was remanded to the Plaintiff Board of Education only to develop *further evidence* upon which the Court could decide the constitutional validity of Section 5/7—2b. This case was not remanded to plaintiff Board of Education to make any findings whatsoever." (Emphasis added.)

A trial court is vested with original jurisdiction over pleaded matters which the administrative agency lacks authority to decide (*Troutman v. Keys*, 156 Ill. App. 3d 247 (1987)) as well as constitutional issues raised in a complaint for administrative review (*Howard v. Lawton*, 22 Ill. 2d 331, 333 (1961)). Constitutional issues are clearly not within the scope of the Joint Board's authority and we hold the trial court erred in remanding the matter to the agency. A reviewing court cannot expand the jurisdiction of an administrative tribunal by order of remand.

Finally, with respect to the constitutional claims, we vacate the trial court's order of March 4, 1998, and remand for further hearings. Although the Joint Board was not possessed with the authority to entertain the constitutional issues, we recognize that both parties expended a considerable amount of time and resources representing their respective positions. We will not therefore require the parties to duplicate their efforts in a new trial before the circuit court. The record developed before the Joint Board may be relied upon by the circuit court in formulating its decision. However, to the extent either party deems necessary, the circuit court shall take evidence relating to the constitutional questions set forth in counts II and III.

Furthermore, we do not believe the trial court properly ruled upon count IV of plaintiffs' complaint. Count IV alleged that section 7—2b is facially unconstitutional because it violates the School Code (105 ILCS 5/10—22.5 (West 1994)). As this count challenges the facial constitutionality of the statute, it is not dependent upon the record developed at the administrative level. The record reveals the circuit court did not conduct any evidentiary hearings regarding this claim. Therefore, on remand, we direct the circuit court to develop a record upon which it may soundly base its decision as to count IV.

Affirmed in part and vacated in part; cause remanded.

O'BRIEN, P.J., and GALLAGHER, J., concur.