DAVID DORNER, Plaintiff-Appellant and Cross-Appellee, *v.* ILLINOIS CIVIL SERVICE COMMISSION *et al.*, Defendants-Appellees and Cross-Appellants.

First District (3rd Division)   No. 78-858

Opinion filed June 18, 1980.

Martin Rubin, of Frank, Levin & Rubin, of Chicago, for appellant.

William J. Scott, Attorney General, of Chicago (Joseph D. Keenan, III, Assistant Attorney General, of counsel), for appellees.

Miss PRESIDING JUSTICE McGILLICUDDY delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Cook County in which the court found that the Department of Corrections violated the plaintiff's right to a voluntary reduction in status and his right to reemployment as provided by the rules of the Department of Personnel of the State of Illinois.

The plaintiff, David A. Dorner, was employed by the Department of Corrections Training Academy as a correctional academy trainer IV (CAT IV). On July 6, 1976, the plaintiff was suspended from work for alleged mismanagement of his duties. On July 8, 1976, he was notified in a letter from the superintendent of the academy that the suspension was rescinded. However, the plaintiff was also informed that due to a significant budget deficit, all CAT IV positions would be abolished and all incumbents laid off effective August 1, 1976. The superintendent instructed the plaintiff not to return to the academy so that he would have ample opportunity to seek alternative employment.

At the time of the layoff there existed four levels of correctional academy trainers. All three employees in the CAT IV positions, the highest level, were laid off along with 10 of 17 employees in CAT II positions. The department's explanation of the layoff was lack of funds.

On July 27, 1976, the plaintiff notified the director of personnel and the acting director of the Department of Corrections by mail of his intention to accept a voluntary reduction to a current vacant position pursuant to the rules of the Department of Personnel. Rule 2—550 provides in pertinent part that,

> "A certified employee* * * who is subject to layoff as a result of the Director's approval of a layoff plan shall be promptly notified thereof of the effective date of layoff, and shall then be advised of the opportunity to request voluntary reduction to a current vacant

position in accordance with Rule 2—500. An employee seeking voluntary reduction must request such in writing to the head of the employing agency prior to the proposed effective date of layoff." Rule 2—560 provides that such person shall be preferred for any current vacant position in a lower class within the same agency and location in which the employee is then incumbent at the time of such layoff.

On August 5, 1976, the acting director of the Department of Corrections notified the plaintiff that his right to a voluntary reduction to a current vacancy expired on August 1, 1976, the effective date of the layoff. In addition, the acting director stated that he was unaware of any vacancies at the academy.

The plaintiff's request for reconsideration of the decision approving the layoff was granted, and a hearing before the Department of Personnel was held on October 15, 1976. The review officer found that no violation of the rules occurred. Upon review of this report, the director of personnel found that there was no reason to reconsider his original decision.

On November 5, 1976, the plaintiff appealed the decision of the Department of Personnel to the Civil Service Commission pursuant to its rules and asserted that the layoff was a subterfuge for discharge. On December 1, 1976, Bruce J. Finne, the executive secretary of the commission, notified the plaintiff that after a review of the entire matter, a recommendation would be made to the commission to deny his appeal. Although Finne acknowledged that the notification of the rescission of the suspension and the intended layoff in the same communication raised serious doubts about the motives of the department of corrections, he concluded that the layoff was in good faith. Finne also accepted the Department of Personnel's interpretation of Rule 2—560 that once an employee is laid off, he is no longer eligible for a voluntary reduction. Finne noted that a CAT III position vacancy did not occur until after the effective date of the layoff.

The plaintiff responded to this notification with a letter repeating his request for a formal hearing to determine whether his layoff was merely a subterfuge for discharge. In addition to arguments previously presented to the commission, the plaintiff contended that the department also violated his right to reemployment pursuant to Rule 2—570:

"The Department shall establish and maintain a reemployment list, by class and agency and county, or other designated geographical area approved by the Director before layoff. A certified employee who has been laid off shall be placed in order of length of continuous service as defined in Rule 2—190 on a reemployment list for recall to the first available assignment to a position in the class (or related classes with substantially similar requirements and duties) and agency, and county, or other designated geographical location or area in which the employee was assigned prior to being

placed on the reemployment list. Where circumstances warrant, at the discretion of the director, such reemployment list may be established by related classes whose duties are substantially similar to the class from which the employee was laid off."

The plaintiff argues that when the CAT III position became available subsequent to his layoff, the department was required to offer him that position because CAT III and CAT IV positions had substantially similar requirements and duties.

Finne responded on January 18, 1977, with a letter which repeated his opinion that a formal hearing was unnecessary because there had been no violation of the Department of Personnel's rules. Finne asserted that according to the department's interpretation, Rule 2—570 required only that the department place the plaintiff on a reemployment list for the specific position of CAT IV. Finne informed the plaintiff that the commission's decision constituted a final administrative decision within the purview of the Administrative Review Act.

On February 23, 1977, the plaintiff filed his complaint for administrative review. On February 23, 1978, the Circuit Court of Cook County reversed the decision of the Civil Service Commission and ordered the Department of Corrections to offer the plaintiff the next available CAT position within the department. In addition, the trial court denied the plaintiff's prayer for back pay.

The plaintiff appeals that portion of the judgment order which denied him back pay. The defendants appeal that portion of the order which reversed the decision of the commission and ordered the Department of Corrections to offer the plaintiff the next available CAT position.

The following issues are raised in this appeal:

1. Whether the Civil Service Commission had jurisdiction under the personnel code to review the plaintiff's claim.

2. Whether the plaintiff's right to a voluntary reduction in work classification was violated.

3. Whether the plaintiff's right to reemployment was violated.

4. Whether the trial court erred in denying the plaintiff's prayer for back pay.

The defendants assert for the first time on appeal that the Civil Service Commission lacked jurisdiction to review the validity of the layoff plan under which the plaintiff was laid off and to make findings concerning the plaintiff's voluntary reduction and reemployment rights. They conclude, therefore, that because there existed no final decision of the commission which was reviewable under the Administrative Review Act, the circuit court also lacked jurisdiction of the subject matter. Ill. Rev. Stat. 1977, ch. 127, par. 63b111a.

The defendants rely on *Chestnut v. Lodge* (1966), 34 Ill. 2d 567, 216 N.E.2d 799, in which the plaintiffs brought a mandamus action to contest their layoff from the Department of Conservation. The trial court ordered the department to reinstate the plaintiffs with back pay. The appellate court reversed, holding that the plaintiffs had no right to challenge the propriety of their layoff except by proceedings under the Administrative Review Act. (62 Ill. App. 2d 27, 210 N.E.2d 336.) The supreme court disagreed, concluding that the Civil Service Commission had no authority to consider the validity of the layoffs, and, therefore, the Administrative Review Act was inapplicable. In arriving at this conclusion the court observed that the commission itself had consistently rejected the notion that it had jurisdiction to review the validity of layoffs.

■■ The facts in the instant case, however, differ from the facts in *Chestnut*, where the plaintiff challenged the validity of his layoff. Here, the plaintiff argued that his layoff was a subterfuge for discharge. Article XII—"Transaction Used as Subterfuge for Discharge"—of the rules of the Civil Service Commission[1] states in pertinent part the following:

> "Section 1201. A certified employee who believes that he has been separated from State service by a personnel transaction used as a subterfuge for discharge may within a period of 15 days after service upon the employee of notice of transaction appeal in writing to the Commission."

Therefore, the plaintiff was entitled to challenge the suspected discharge before the Commission.

In addition, the plaintiff alleged that the Department of Personnel rules concerning his voluntary reduction and reemployment rights were violated. The Civil Service Commission has determined that it has jurisdiction to review alleged violations of these rules. In Decker v. Department of Personnel, 66-71, 67-71 (December 5, 1972), the plaintiffs had alleged an impropriety in their layoffs and a failure by the Department of Personnel to place them on a reemployment list in accord with its rules. Rejecting the defendants' argument that the commission lacked jurisdiction, the commission held that,

> "Section 10 of the Personnel Code, *Duties and Powers of the Commission*, provides, under Subsection 9, that the Commission has a duty to direct compliance if the Commission discovers any violation of the personnel Code and, of course, the rules made thereunder. Accordingly, if an agency denies rights to an employee who has been laid off from his job, which rights are guaranteed to the employee by the Department of Personnel Rules, the Commission does have jurisdiction to determine the existence of rule violation."

---

[1] This article became effective January 28, 1974.

Accordingly, we conclude that the Civil Service Commission did have jurisdiction to consider the merits of the plaintiff's charges.

In its order of February 16, 1978, the trial court found that the plaintiff was wrongfully deprived of his right to voluntary reduction in status and of his right to reemployment. The plaintiff had argued that on July 10, 1976, a CAT III employee had requested a transfer to another facility and that pursuant to the Department of Personnel rules concerning voluntary reduction in status, he had preference for this position.

■■ The CAT III position referred to by the plaintiff, however, did not become vacant until September 1, 1976, subsequent to the effective date of his layoff. We agree with the defendants that once the plaintiff's layoff became effective on August 1, 1976, his right to voluntary reduction terminated. The rules concerning voluntary reduction refer to a "current vacant position" and require a request for such a reduction to be made "prior to the proposed effective date of layoff." Once the date of layoff passes, the employee must rely on the rules concerning reemployment.

■■ Although we find no violation of the rules concerning voluntary reduction, we agree with the trial court that the plaintiff's right to reemployment was violated. Rule 2—570 provides that a certified employee who has been laid off shall be placed on a reemployment list for recall to the first available assignment to a position in the class (or related classes with substantially similar requirements and duties) and agency, and county in which the employee was assigned prior to being placed on the reemployment list. When the CAT III position was vacated on September 1, 1976, the Department of Personnel was required to offer that position to the plaintiff.

The defendants argue that the plaintiff only has a right to be placed on a reemployment list for the class from which he is laid off. They claim that the Department of Corrections has complied with the mandatory requirements of Rule 2—570 by placing the plaintiff's name on a reemployment list for CAT IV in Cook County. However, the defendants admit that the CAT IV position was abolished subsequent to the plaintiff's layoff and that, consequently, the plaintiff will never be recalled to his former position.

We reject the defendants' limited interpretation of Rule 2—570. That rule specifically states that the employee is to be placed on a reemployment list for recall to the first available position in the class, or related classes with substantially similar requirements and duties, in which he was assigned prior to placement on the reemployment list. If the CAT III and CAT IV positions had similar requirements and duties, the Department of Personnel was required to offer the plaintiff the CAT III position vacated on September 1, 1976.

Because the Civil Service Commission narrowly construed Rule 2—570 to require only that the plaintiff be placed on the CAT IV reemployment list, it did not determine whether the CAT IV and CAT III positions had

substantially similar requirements and duties. Pursuant to our request at oral argument, the Department of Personnel has provided this court with its job descriptions for these positions.

Our review of the job descriptions convinces us that the CAT III and CAT IV positions had similar requirements and duties. A CAT III employee managed and coordinated the Department of Corrections' personnel training, designed training materials, and supervised lower level trainers. Although the CAT IV employees had greater administrative and supervisory responsibilities, they also directed the development and implementation of the training programs and supervised the formation of the curriculum. Because the positions had similar requirements and duties, the plaintiff was entitled to the vacated CAT III position. We therefore affirm that portion of the trial court's order which reversed the decision of the Civil Service Commission.

The plaintiff appeals from that portion of the order which denied his prayer for back pay. He argues that the trial court erred in ordering the Department of Corrections to offer the plaintiff the next available CAT position, and should have ordered the department to reinstate the plaintiff with back pay.

■■ The Administrative Review Act provides that the reviewing court has the power to affirm or reverse the decision of the administrative agency in whole or in part or to remand the cause for additional evidence. (Ill. Rev. Stat. 1977, ch. 110, par. 275.) There is no provision in the Act for the joinder of a mandamus action for reinstatement to the former position or an action for back wages. *Drezner v. Civil Service Com.* (1947), 398 Ill. 219, 75 N.E.2d 303; *Basketfield v. Daniel* (1979), 71 Ill. App. 3d 877, 390 N.E.2d 492; *Sgro v. City of Springfield* (1972), 6 Ill. App. 3d 478, 285 N.E.2d 589.

The trial court was limited to a determination of whether the decision of the Civil Service Commission was against the manifest weight of the evidence. It lacked jurisdiction to order the Department of Corrections to offer the plaintiff the next available CAT position. Likewise, it lacked jurisdiction to compel reinstatement or back pay.

For the foregoing reasons, those portions of the trial court's order which reversed the decision of the Civil Service Commission and denied plaintiff's prayer for back pay are hereby affirmed. That portion of the order which directed the Department of Corrections to offer the plaintiff the next available CAT position is hereby reversed, and this matter is remanded to the Civil Service Commission for further proceedings consistent with our finding that the plaintiff was entitled to the CAT III position vacated on September 1, 1976.

Affirmed in part; reversed in part and remanded with directions.

SIMON and RIZZI, JJ., concur.