SCOTT STYKEL *et al.*, Plaintiffs-Appellants, v. THE CITY OF FREEPORT *et al.*, Defendants-Appellees.

Second District   No. 2—99—1446

Opinion filed January 22, 2001.

David N. Rechenberg and Michael K. Havrilesko, both of Havrilesko & Rechenberg, P.C., of Rockford, for appellants.

Ann M. Dittmar, of McGreevy, Johnson & Williams, P.C., of Rockford, for appellees.

JUSTICE GEIGER delivered the opinion of the court:

This case arose after the plaintiffs, Scott Stykel, Curt Lamm, John Heilman, and Tave Kraft, took an examination for employment as a firefighter with the City of Freeport (City) that was administered by the Illinois Board of Fire and Police Commissioners (Board). The plaintiffs received a score of zero on the examination, rendering them ineligible for employment. Along with their causes of action under the Administrative Review Law (Review Law) (735 ILCS 5/3—101 *et seq.*

(West 1998)), the plaintiffs filed counts against the defendants, the City of Freeport, the Board of Fire and Police Commissioners, Reginald D. McGee, Brian Borger, Denita Morris, David Schockey, and Mark Wagner, for declaratory judgment, breach of implied oral contract, and for violations of their civil rights pursuant to section 1983 of the federal Civil Rights Act (42 U.S.C. § 1983 (1994)). Relying on *Dorner v. Illinois Civil Service Comm'n*, 85 Ill. App. 3d 957 (1980), the trial court granted the defendants' motion to dismiss the counts that alleged causes for declaratory judgment, breach of implied oral contract, and civil rights violations. On appeal, the parties initially briefed the issue of whether the trial court erred in ruling that these causes of action could not be joined with an action under the Review Law. We then requested that the parties brief the additional issue of whether a cause of action under the Review Law preempts causes for declaratory judgment, breach of contract, and civil rights violations when the Review Law applies to the actions of an administrative agency. For the reasons that follow, we hold that the Review Law preempts causes of action for breach of contract and declaratory judgment, but not for civil rights violations.

The plaintiffs were applicants for firefighter positions with the City. They had received a score of zero on the written examination, which effectively rendered them ineligible for employment. The plaintiffs forwarded a request to the Board for a hearing, which was denied.

On December 20, 1991, the plaintiffs filed their complaint for administrative review, claiming that they were wrongfully denied certification as eligible for employment and a hearing. Following motions to dismiss and an attempt to remove to federal court, the plaintiffs ultimately filed their second amended complaint on March 1, 1999. Their second amended complaint contains 16 counts. Counts I through IV consist of causes for administrative review on behalf of each of the four plaintiffs against each defendant (735 ILCS 5/3—101 *et seq.* (West 1998)); counts V through VIII, requests for declaratory judgments; counts IX through XII, causes under section 1983 (42 U.S.C. § 1983 (1994)); and counts XIII through XVI, causes for breach of implied oral contract.

The defendants filed a motion to dismiss all counts of the complaint pursuant to sections 2—619(a)(1) (735 ILCS 5/2—619(a)(1) (West 1998)) and 2—615 (735 ILCS 5/2—615 (West 1998)) of the Code of Civil Procedure (the Code). Regarding the counts for administrative review, the defendants argued that the trial court lacked jurisdiction because the causes of action predicated on the failure to hire were not subject to the Review Law. Regarding counts V through XVI, consist-

ing of all counts not predicated upon the Review Law, the defendants argued that those counts could not be joined with complaints under the Review Law. They also argued that those counts were not timely filed and that the plaintiffs failed to state a cause of action pursuant to section 1983.

The plaintiffs argued in their response that the Review Law applies to decisions not to hire and, therefore, the trial court had jurisdiction to consider the counts predicated upon the Review Law. Regarding the counts not predicated upon the Review Law, the plaintiffs argued that joinder with the administrative review counts was permissible under the liberal pleading rules. The plaintiffs further argued that they adequately stated a cause of action under section 1983 and that they were not barred by any statute of limitations.

On October 28, 1999, the trial court entered a written order on the motion to dismiss. The trial court found that the plaintiffs had properly pleaded a cause of action for administrative review against all defendants. However, citing *Dorner*, the trial court found that the remaining causes of action could not be joined with a cause for administrative review. Therefore, the trial court denied the motion to dismiss as to counts I through IV of the second amended complaint and granted the motion as to counts V through XVI. Thereafter, the trial court granted the plaintiffs' motion for a special finding under Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)), and the plaintiffs filed a timely notice of appeal.

We note that the defendants raised in their brief arguments pertaining to counts I through IV of the complaint. The defendants argue that the Review Law does not apply because applicants for employment are not entitled to a hearing and because no administrative record is required by statute. Despite the fact that the defendants failed to file a notice of appeal from the trial court's October 28, 1999, order, they request that we dismiss the second amended complaint "in its entirety." These arguments are improper, as we lack jurisdiction to review the portion of the trial court's order denying the motion to dismiss as to counts I through IV.

## I. JOINDER

The plaintiffs' first argument on appeal is that the trial court erred, as a matter of law, in dismissing counts V through XVI of their second amended complaint. Specifically, the plaintiffs argue that joinder of additional causes of action with a complaint for administrative review is permissible. The defendants respond that, under *Dorner*, joinder of additional causes with an administrative review complaint is inappropriate and that the plaintiffs have not timely filed any additional causes of action.

■ Absent any issue of fact, the appellate court reviews *de novo* the trial court's decision to grant an involuntary dismissal. *Vrombaut v. Norcross Safety Products, L.L.C.*, 298 Ill. App. 3d 560, 561-62 (1998). Because there are no facts at issue, we review the trial court's ruling *de novo*.

■ The scope of the Review Law is limited to judicial review of "a final decision of any administrative agency." 735 ILCS 5/3—102 (West 1998). Moreover, the Review Law is the sole and exclusive method to obtain judicial review of a final administrative decision. *Midland Hotel Corp. v. Director of Employment Security*, 282 Ill. App. 3d 312, 316 (1996).

■ As with other statutory schemes, the Review Law does not contain any provisions that directly address the propriety of joinder of additional causes of action. Joinder of causes of action is generally governed by section 2—614(a) of the Code, which provides that plaintiffs may join any causes of action against any defendant. 735 ILCS 5/2—614(a) (West 1998). Section 2—614 is to be liberally construed. See *Hagen v. Stone*, 277 Ill. App. 3d 388, 392 (1995). The objective of joinder is to promote the economy of actions and trial convenience. *Boyd v. Travelers Insurance Co.*, 166 Ill. 2d 188, 199 (1995).

Just as there is no statute on point, there is no case law addressing, in general, the propriety of joinder with administrative review actions. However, the court in *Dorner* discussed the viability of pleading for relief not enumerated in the Review Law when asserting a complaint for administrative review.

In *Dorner*, the plaintiff, a correctional academy trainer, filed suit for review of the decision of the Civil Service Commission not to offer him a voluntary reduction in his employment status after he was laid off from his position in the highest level classification of trainers. The trial court reversed the decision of the Civil Service Commission and ordered the Department of Corrections to offer the plaintiff the next available trainer position. The trial court, however, denied the plaintiff's prayer for back pay. The plaintiff appealed from that portion of the trial court's order denying back pay.

The reviewing court held that the power of the court was limited under the Review Law to either affirm or reverse the decision of the administrative agency or to remand the cause for additional evidence. *Dorner*, 85 Ill. App. 3d at 963. The court further held that the trial court lacked jurisdiction to order the Department of Corrections either to offer the plaintiff the next available position, to compel reinstatement, or to order back pay. *Dorner*, 85 Ill. App. 3d at 963. The court therefore remanded the matter to the Civil Service Commission for further proceedings consistent with the court's finding that the

plaintiff was entitled to a certain lower classification position that had become available following the plaintiff's layoff.

■ The question in *Dorner* was the scope of the trial court's power to award relief within the context of a cause of action under the Review Law. The plaintiff in *Dorner* had not filed additional causes of action invoking the trial court's original jurisdiction. Simply put, joinder was not at issue. Accordingly, *Dorner* does not stand for the proposition that a plaintiff may not join additional causes of action with a complaint for administrative review. Accordingly, we believe that the trial court erred in ruling that *Dorner* operated to prohibit the plaintiffs from joining additional causes of action with a cause under the Review Law. Rather, the liberal pleading requirements and the goal of judicial economy suggest that the plaintiffs should be permitted to join with the administrative review counts any additional counts that are cognizable when the Review Law applies to the actions of an administrative agency.

## II. VIABILITY OF ADDITIONAL CAUSES OF ACTION

■ The issue now becomes whether causes of action for declaratory judgment, breach of implied oral contract, and civil rights violations are cognizable when the Review Law applies to an action by an administrative agency. The plaintiffs argue that they may maintain causes of action for declaratory judgment and for civil rights, but admit that they may not maintain a cause for breach of implied oral contract when the Review Law applies. The defendants argue that the Review Law constitutes the plaintiffs' sole and exclusive remedy.

The plaintiffs argue that the holding in *Mueller v. Board of Fire & Police Commissioners*, 267 Ill. App. 3d 726 (1994), governs the instant case. In *Mueller*, the plaintiff filed a complaint for declaratory judgment and administrative review to contest the defendants' decision to remove his name from the list of eligible applicants for a firefighter position. The trial court dismissed the plaintiff's complaint for failure to state a cause of action. On appeal, the plaintiff argued that the decision was reviewable under either the Review Law, a complaint for declaratory judgment, or a common-law writ of *certiorari*. The court held that the complaint did not state sufficient facts for a declaratory judgment action. The court also noted that it need not consider the availability of a common-law *certiorari* because the Review Law applied to decisions made by a board of fire and police commissioners to deny employment. *Mueller*, 267 Ill. App. 3d at 729.

In so holding, the court further noted that the Review Law provided the exclusive method of review of all final decisions of such boards. *Mueller*, 267 Ill. App. 3d at 731. The court explained that the

Review Law had been enacted to eliminate conflicting and inadequate common-law and statutory remedies for the judicial review of administrative decisions and to substitute a single uniform and comprehensive remedy. *Mueller*, 267 Ill. App. 3d at 733. Although not expressly stated, the *Mueller* court appeared to suggest that a request for relief under the Review Law preempts relief pursuant to either a common-law action or a declaratory judgment action. The court reversed the trial court's order and remanded the cause.

Clearly, *Mueller* does not support the plaintiffs' contention that they may assert common-law causes of action in addition to the actions under the Review Law. Our own research reveals that, while certain constitutional causes may be asserted in conjunction with an administrative review cause, other statutory and common-law causes of action may not.

## A. DECLARATORY JUDGMENT

■ Counts V through VIII request declaratory judgments declaring the plaintiffs' rights to be appointed as firefighters as well as awards of compensatory damages for loss of wages and benefits. Relying on *Howard v. Lawton*, 22 Ill. 2d 331 (1961), the plaintiffs argue in their additional brief that a declaratory judgment action may be maintained in conjunction with an administrative review action. The defendants maintain that the Review Law provides the sole and exclusive remedy.

We note that the parties have failed to cite the relevant provision of the Review Law:

"In all such [administrative review] cases, any other statutory, equitable or common law mode of review of decisions of administrative agencies heretofore available shall not hereafter be employed." 735 ILCS 5/3—102 (West 1998).

Prior to the enactment of the Review Law in 1945, there were diversity and uncertainty in the methods by which judicial review of the decisions of administrative agencies might be secured. *Moline Tool Co. v. Department of Revenue*, 410 Ill. 35, 37 (1951). The Review Law was designed to provide a single uniform method by which the decisions of most administrative agencies could be judicially reviewed. *Moline*, 410 Ill. at 37. Section 3—102 prohibits the use of preexisting methods of securing judicial review, and where the Review Law embraces administrative agencies subject to its terms, it becomes the sole means of securing judicial review of decisions of administrative agencies and eliminates the heretofore conflicting and inadequate common-law and statutory remedies. See *People ex rel. Goldfarb v. White*, 54 Ill. App. 2d 483, 487 (1964).

The purpose of the Review Law has been strictly construed in several recent cases. In *Dubin v. Personnel Board*, 128 Ill. 2d 490 (1989),

the plaintiff filed a petition requesting that the trial court stay a discharge order issued by the defendant. The trial court allowed the petition, stayed the discharge order, and remanded the matter to the defendant. Our supreme court held that the trial court lacked subject matter jurisdiction. *Dubin*, 128 Ill. 2d at 497. The court further held that, once a final decision has been rendered by an administrative agency and the circuit court may grant the relief the party seeks within the context of reviewing that decision, a circuit court has no authority to entertain independent actions regarding the actions of an administrative agency. *Dubin*, 128 Ill. 2d at 499; see also *County of Knox ex rel. Masterson v. Highlands, L.L.C.*, 188 Ill. 2d 546, 552-53 (1999); *Midland*, 282 Ill. App. 3d at 317.

The plaintiffs are correct that the pleading requirement of section 2—701 of the Civil Practice Law (735 ILCS 5/2—701 (West 1998)) is liberally construed. Section 2—701 provides that a "[d]eclaration of rights *** may be obtained by means of a pleading seeking that relief alone, or as incident to or part of a complaint *** seeking other relief." 735 ILCS 5/2—701 (West 1998). Nonetheless, in *Marozas v. Board of Fire & Police Commissioners*, 222 Ill. App. 3d 781, 791 (1991), the court expressly precluded the plaintiff from maintaining a declaratory judgment action because the Review Law applied.

In *Marozas*, the plaintiff, a former police officer, had been suspended by the board. He filed a cause for administrative review and further requested a declaratory judgment to void the administrative proceedings and to order his reinstatement. The court affirmed the trial court's dismissal of the count requesting a declaratory judgment, holding that the purpose of the Review Law was to review the actions of the board, rendering the request for declaratory judgment improper. *Marozas*, 222 Ill. App. 3d at 791.

The plaintiffs further argue that they may maintain a declaratory judgment action pursuant to *Board of Trustees of the Addison Fire Protection District No. 1 v. Stamp*, 241 Ill. App. 3d 873 (1993). We find *Stamp* distinguishable. In *Stamp*, the board of trustees of a fire protection district brought a declaratory judgment action against the Director of the Department of Insurance to determine whether it could give pension credits to a firefighter for the time he served as a volunteer firefighter. The trial court entered a declaratory judgment construing the Pension Code (Ill. Rev. Stat. 1991, ch. 108½, par. 1—101 *et seq.*) to allow the credits.

On appeal, the defendant argued that the decision of the board to credit the volunteer time did not constitute an administrative decision but, rather, a policy decision that he had the right to review. The reviewing court disagreed, holding that the administrative process

that the plaintiff initiated was "tantamount to an administrative decision." *Stamp*, 241 Ill. App. 3d at 882. The court affirmed the trial court's entry of a declaratory judgment.

The present case is wholly unlike *Stamp*. In *Stamp*, the plaintiff was faced with a duty to decide the pension claims of a firefighter. The plaintiff made a determination to apply the credits, but it alleged that, upon attempting to implement its decision, its efforts were thwarted at the behest of the defendant. The Review Law was not implicated under this set of circumstances. The plaintiff was not asking that the court determine whether an administrative action was against the manifest weight of the evidence or contrary to the law; it was seeking a judicial interpretation of the Pension Code so that it could enjoin the defendant from interfering with the implementation of its ruling. Because the unique issues in *Stamp* are not present in the case at hand, we decline to construe *Stamp* as holding that a declaratory judgment action is available to a firefighter applicant who seeks review of a board's decision not to hire.

The plaintiffs also rely on *Howard v. Lawton*, 22 Ill. 2d 331 (1961). *Lawton* is inapposite to the present case. In *Lawton*, the plaintiffs filed a cause for administrative review of a decision by the zoning board of appeals of the City of Chicago. The plaintiffs challenged the constitutionality of a certain zoning ordinance, which was upheld by the trial court. On appeal, the defendants challenged the court's jurisdiction, arguing that constitutional issues could not be raised in a complaint for administrative review. The court rejected this argument, noting that to hold otherwise would require the plaintiffs to first bring an action to review the administrative decision and then to bring a subsequent action to test the constitutionality of that decision. *Lawton*, 22 Ill. 2d at 333.

As with *Stamp*, *Lawton* is not applicable because the plaintiffs in the present case are not raising a constitutional challenge to a regulation or ordinance. Therefore, these cases provide no authority for the proposition that a plaintiff bringing an administrative review action for failure to hire may request a declaratory judgment that he is entitled to be hired. We believe that the issue of the viability of the plaintiffs' declaratory judgment counts is controlled by *Dubin, Masterson, Midland*, and *Marozas*. For all of the foregoing reasons, we are persuaded that the plaintiffs in the present case cannot maintain declaratory judgment actions, and we affirm the trial court's ruling dismissing counts V through VIII of the complaint.

## B. BREACH OF IMPLIED ORAL CONTRACT

■ Counts XIII through XVI allege that the defendants breached

their promises to the plaintiffs that they would follow certain rules and regulations when hiring firefighters and that they would permit the plaintiffs the opportunity to obtain additional information concerning test results. The plaintiffs admit in their additional brief that the Review Law precludes a breach of contract claim when the Review Law applies to the actions of an administrative agency. However, the plaintiffs argue that the City was not a party in the administrative agency proceeding and that the breach of contract claim as to the City is not preempted by the Review Law. The plaintiffs further note that the defendants have denied that the Review Law applies, and therefore, the plaintiffs request that the matter be remanded for a determination of whether the Review Law applies to the City.

For the reasons set forth in our discussion in IIA above, we agree with the plaintiffs that the Review Law preempts a cause of action for breach of implied oral contract. We disagree that the breach of contract cause should proceed against the City. As noted above, in its October 28, 1999, order, the trial court expressly found that the plaintiffs pleaded a cause of action for administrative review against all defendants and denied the defendants' motion to dismiss as to the administrative review counts. The propriety of that portion of the trial court's order is not before us. Therefore, in this case, the Review Law applies to the City's alleged actions and preempts a cause of action for breach of an implied oral contract.

We also deny the plaintiffs' request that we remand for a determination of whether the Review Law applies to the case at all. The trial court has already made a specific finding regarding the cause for administrative review, and the plaintiffs have offered no reason for us to require that the trial court revisit the issue. Therefore, we affirm that portion of the trial court's order dismissing counts XIII through XVI of the plaintiffs' complaint for breach of an implied oral contract.

## C. CIVIL RIGHTS VIOLATIONS

The plaintiffs argue in their additional brief that, under the supremacy clause of the United States Constitution (U.S. Const., art. VI, cl. 2), a section 1983 action is not preempted by an action under the Review Law. The defendants do not analyze this issue in their response, contending that "if [the plaintiffs] sincerely believe that the [Review Law] does not preempt their alleged federal claims, [the plaintiffs] should have filed a section 1983 action separately from their [administrative review] claim." In their additional brief, the defendants continue to complain that the 1983 cause of action is beyond the statute of limitations period.

■ The United States Supreme Court has clearly indicated that

the rights under section 1983 and the rights arising under state common law, although similar, are nonetheless distinct remedies. See *Monroe v. Pape*, 365 U.S. 167, 180, 5 L. Ed. 2d 492, 501, 81 S. Ct. 473, 480 (1961). Accordingly, although the same set of facts may give rise to violations of both section 1983 and state law, the rights protected are not necessarily identical nor are the criteria for each cause of action necessarily the same. *Martin v. Duffie*, 463 F.2d 464, 467 (10th Cir. 1972).

Our research has disclosed Illinois cases not cited by the parties that unequivocally demonstrate that causes of action for constitutional violations committed by an administrative agency are not preempted by the Review Law when the Review Law applies to the actions of an administrative agency. In *Board of Education of Rich Township High School District No. 227 v. Brown*, 311 Ill. App. 3d 478 (1999), residents of a school district filed for judicial review of a decision to grant the defendants' petition to detach the school district that was rendered by the board of trustees of the affected townships. The plaintiffs filed a complaint for administrative review, along with three additional causes of action, including two counts under section 1983 and a constitutional attack on the governing statute. *Brown*, 311 Ill. App. 3d at 489. The trial court affirmed the decision of the trustees granting the detachment, but remanded the matter to the trustees to "entertain constitutional questions." *Brown*, 311 Ill. App. 3d at 482.

After the trustees entertained the constitutional questions, they denied the detachment, effectively overruling the trial court's order. The trial court then entered an order explaining that its prior remand was intended to allow the trustees to develop a record of constitutional claims and arguments, but not to permit reconsideration of the detachment issue on constitutional grounds. The trial court reversed the trustees' decision and granted the detachment. *Brown*, 311 Ill. App. 3d at 483.

The plaintiffs appealed the trial court's decision to grant the detachment. The reviewing court examined the propriety of the trial court's remand of the constitutional issues to the trustees. The court noted that constitutional challenges to an administrative action may be raised in a complaint for administrative review. *Brown*, 311 Ill. App. 3d at 489. A constitutional claim is an original action independent of the administrative review proceeding and is therefore plenary in scope. *Brown*, 311 Ill. App. 3d at 489. Moreover, a constitutional challenge is not a review proceeding even when it questions an administrative decision that has an adjudicative component. *Brown*, 311 Ill. App. 3d at 489.

The reviewing court explained that an agency lacks the authority

to question the validity or constitutionality of a statute. *Brown*, 311 Ill. App. 3d at 490. Such matters must be raised before the trial court, which is vested with original jurisdiction over constitutional issues raised in a complaint for administrative review. *Brown*, 311 Ill. App. 3d at 491. Because the constitutional issues were not properly before the trustees, the reviewing court held that the trial court had erred in remanding the matter to the agency, and remanded the matter for further hearings. See also *Mattis v. State Universities Retirement System*, 296 Ill. App. 3d 675 (1998) (trial court's dismissal of civil rights counts upon affirming decision of administrative agency was improper).

■ Similar to *Brown* and *Mattis*, the plaintiffs in the present case have raised constitutional issues regarding the administrative actions, which constitute claims wholly separate and apart from administrative review. The issues of whether the plaintiffs' civil rights were violated could not have been before the Board and, therefore, cannot be the subject of administrative review. Moreover, to hold otherwise would frustrate the very purpose behind the enactment of section 1983. Indeed, it is clear from *Brown* and *Mattis* that Illinois courts reviewing administrative decisions recognize that federal constitutional issues are not preempted by the Review Law. See also *Piquard v. City of East Peoria*, 887 F. Supp. 1106, 1118 (C.D. Ill. 1995) (plaintiff police officer alleging disability discrimination may maintain cause of action under the Americans with Disabilities Act of 1990 (see 42 U.S.C. § 1201 *et seq.* (1994)) in addition to cause under the Review Law). Therefore, we vacate the trial court's ruling that counts IX through XII of the complaint be dismissed, and we remand the matter for further hearings on the statute of limitations issue that was raised in the defendants' motion to dismiss.

### III. CONCLUSION

We are persuaded that causes of action for civil rights violations by an administrative agency and other constitutional challenges are not preempted by the Review Law and may be joined with an action for administrative review. We also believe that other common-law actions predicated upon nonconstitutional theories are preempted by the Review Law when the Review Law applies to the actions of an administrative agency. For this reason, we reverse the trial court's ruling dismissing counts IX through XII, the section 1983 causes of action. However, we affirm the trial court's order dismissing counts V through VIII and XIII through XVI, the breach of contract and declaratory judgment counts.

For the foregoing reasons, the judgment of the circuit court of Ste-

phenson County is affirmed in part and reversed in part, and the cause is remanded.

Affirmed in part and reversed in part; cause remanded.

BOWMAN and HUTCHINSON, JJ., concur.