No. 2--99--1445

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

ARTHUR ROSS, ) Appeal from the Circuit Court

) of Stephenson County. 

Plaintiff-Appellant, ) 

) 

) No. 91--MR--37

)

THE CITY OF FREEPORT; THE )

FREEPORT BOARD OF FIRE AND )

POLICE COMMISSIONERS; )

COMMISSIONERS REGINALD D. )

McGEE, BRIAN BORGER, )

DENITA MORRIS, DAVID SHOCKEY, ) 

MARK WAGNER; and CHIEF OF )

POLICE DONALD PARKER, ) Honorable 

) Barry R. Anderson,

Defendants-Appellees. ) Judge, Presiding. 

_________________________________________________________________

 
 JUSTICE GEIGER delivered the opinion of the court:

In September 1991, the plaintiff, Arthur Ross, filed his original complaint for administrative review against the defendants, the City of Freeport, the Freeport Board of Fire and Police Commissioners (Board), commissioners Reginald D. McGee, Brian Borger, Denita Morris, David Shockey, Mark Wagner, and Police Chief Donald Parker.  The cause of action was eventually removed to the federal district court, and, after the complaint was amended, the cause was remanded to the state circuit court in May 1999.

The amended complaint alleged that the plaintiff was employed as a police officer with the City of Freeport in May 1991.  On May 8, 1991, the plaintiff had a conversation with Police Chief Donald Parker, during which the plaintiff disclosed that he had a personal medical problem and requested a leave of absence in order to seek treatment.  Although Chief Parker initially agreed to grant a leave of absence, he subsequently changed his mind.  The complaint alleges that, on May 9, 1991, Chief Parker threatened and coerced the plaintiff into resigning.  The plaintiff alleged that he was misled to believe that his resignation would be preferable to a leave of absence and that if he obtained medical treatment he could apply for reinstatement within one year of his resignation.

The plaintiff then made a timely application to the Board for reinstatement after resignation and a request for a leave of absence pursuant to the Board's rules and regulations.  The plaintiff also requested a hearing by the Board concerning his "coerced resignation under threat of disciplinary charges."  The Board refused to consider each of these requests.

The amended complaint consisted of four counts, and each count was directed against all of the defendants.  Count I of the amended complaint sought administrative review of the Board's refusal to consider the plaintiff's requests for reinstatement as a police officer, for a leave of absence, and for a hearing on Chief Parker's alleged coercion.  The action for administrative review was brought pursuant to the Administrative Review Law (the Review Law) (735 ILCS 5/3--101 
et seq.
 (West 1998)).   Count II sought a declaratory judgment that the plaintiff was entitled to reinstatement and monetary compensation.  Count III alleged fraudulent misrepresentation on the part of Chief of Police Donald Parker in purportedly promising future reinstatement as an inducement for the plaintiff to resign.  Count IV alleged that the defendants breached their employment contract with the plaintiff.   The defendants moved to dismiss all of the counts on various grounds. The trial court declined to dismiss count I (administrative  review) but dismissed counts II, III, and IV, citing 
Dorner v. Illinois Civil Service Comm'n
, 85 Ill. App. 3d 957 (1980).  The trial court ruled that 
Dorner
 stands for the proposition that other statutory and common-law causes of action cannot be joined to a complaint for administrative review

    On November 18, 1999, the trial court denied the plaintiff's motion to reconsider and entered a finding that counts II, III, and IV were appealable pursuant to Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)).  The plaintiff timely appealed.  The defendants have raised arguments with respect to counts I through IV of the second amended complaint and request that this court dismiss the complaint in its entirety.  However, count I remains pending in the trial court and has not been appealed.  Since it is not properly before this court, we do not have jurisdiction to review it.  
Stykel v. City of Freeport
, No. 2--99--1446 (January 22, 2001), slip op. at 4.  We therefore limit our review to the central question raised by the plaintiff, that is, whether the trial court erred in dismissing counts II, III, and IV.   

The plaintiff first argues that, because there is some question whether the Review Law applies to his claim for reinstatement as a police officer, he should be able to join common-law actions for declaratory judgment, fraudulent misrepresentation, and breach of contract, even though administrative review could be obtained.  The plaintiff states that the only reason the trial court dismissed counts II, III, and IV was that there was no authority for the joinder of other actions with an administrative review action under 
Dorner
. 

In 
Stykel
, we recently considered the question presented here and explained the significance and applicability of 
Dorner
.  In 
Dorner
, the plaintiff, a correctional academy trainer, maintained that his layoff was a subterfuge for his discharge from employment.  He sought review of the decision of the Civil Service Commission not to offer him a voluntary reduction in employment status and place him in a currently vacant position.  The trial court reversed the decision of the Commission and ordered the Department of Corrections to offer the plaintiff the next available trainer position, but the court denied an award of back pay, and the plaintiff appealed.  As we explained in 
Stykel
, the 
Dorner
 court held that the power of the trial court was limited under the Review Law to either affirm or reverse the decision of the administrative agency or to remand the cause for additional evidence.  
Dorner
, 85 Ill. App. 3d at 963.  The 
Dorner
 court noted in passing that 
there was
 "no provision in the [Review Law] for the joinder of a mandamus action for reinstatement to the former position or an action for back wages."  
Dorner
, 85 Ill. App. 3d at 963.  The 
Dorner
 court concluded that the trial court lacked jurisdiction to order the Department of Corrections either to offer the plaintiff the next available position, to compel reinstatement, or to order back pay; the reviewing court remanded the matter to the Commission for further proceedings consistent with the court's finding that the plaintiff was entitled to a lower classified position that had become available following the plaintiff's layoff.  
Stykel
, slip op. at 6, citing 
Dorner
, 85 Ill. App. 3d at 963.

In 
Stykel
, this court concluded that the question in 
Dorner
 was the scope of the trial court's power to award relief under the Review Law.  Since the plaintiff in 
Dorner
 had not filed additional causes of action invoking the trial court's original jurisdiction, joinder was not at issue.  In 
Stykel
, this court further concluded that 
Dorner
 did not prohibit the joinder of any and all causes of action with an administrative review action; rather, the plaintiffs should be permitted to join any additional counts that are "cognizable" when the Review Law applies to the actions of an administrative agency.  
Stykel
, slip op. at 7.  However, as in the present case, this court had to examine what additional causes of action were permissible, since the Review Law is ordinarily the exclusive remedy for the review of a decision by an administrative agency. 

In 
Stykel
, the plaintiffs were applicants for firefighter positions with the City of Freeport.  They received a score of zero on the written examination and were effectively rendered ineligible for employment.  The plaintiffs sought a hearing by the Board of Fire and Police Commissioners, which denied the request. The plaintiffs then filed in the trial court a complaint for administrative review, claiming they were wrongfully denied certification as eligible for employment and wrongfully denied a hearing.  The plaintiffs eventually filed an amended complaint adding counts for declaratory judgments, civil rights violations under federal law  (42 U.S.C. §1983 (1994)), and  breach of implied oral contract.  As in the present case, the trial court granted defendants' motion to dismiss all of the counts except those for administrative review, and the court made a Rule 304(a) finding of appealability. 

After examining the scope of the 
Dorner
 decision, this court then considered whether the plaintiff could assert common-law causes of action in addition to the actions under the Review Law. Relying on 
Mueller v. Board of Fire & Police Commissioners
, 267 Ill. App. 3d 726 (1994), we noted that the Review Law provided the exclusive remedy to review all final decisions of fire and police boards in employment matters, including promotional examinations, unless some limited exception applied.
  
Stykel
, slip op. at 8, citing
 
Mueller
,  267 Ill. App. 3d at 731.  The Review Law was enacted to eliminate conflicting, inadequate common-law
 
and statutory remedies for the judicial review of administrative decisions and to substitute a single, uniform, and comprehensive remedy.  
Stykel
, slip op. at 8.  Therefore, once a final decision has been rendered by an administrative agency and the circuit court may grant the relief the party seeks within the context of reviewing that decision, a circuit court has no authority to entertain independent actions regarding the actions of an administrative agency.  
Stykel
, slip op. at 10, citing 
Dubin v. Personnel Board
, 128 Ill. 2d 490 (1989).

Thus, we concluded that a plaintiff bringing an administrative review action for failure to hire was precluded from seeking a declaratory judgment that he was entitled to be hired.  
Stykel
, slip op. at 13.  We also determined that the Review Law preempted a cause of action for breach of contract based on the final decisions of fire and police boards.  
Stykel
, slip op. at 14.  Accordingly, we affirmed the trial court's dismissal of the plaintiff's counts seeking declaratory judgment and breach of contract.  However, we held that the Review Law did not preempt actions for civil rights violations brought under federal law (42 U.S.C. §1983 (1994)), which provided a distinct remedy, and we permitted those counts to
 
proceed.  
Stykel
, slip op. at 17. 

Turning to the instant case, the plaintiff has brought a complaint for administrative review.  Under 
Stykel
, the plaintiff is precluded from bringing a separate action for declaratory judgment requesting reinstatement.  The plaintiff's allegations of  fraudulent misrepresentation and breach of contract against the Board and its members are also precluded under 
Stykel
, as they relate solely to the correctness of the Board's decision regarding the plaintiff's requests for reinstatement, a leave of absence, and
 
a hearing on Chief Parker's alleged coercion.  Under 
Mueller
 and 
Stykel
, the Review Law provides the exclusive remedy for the plaintiff as to the Board and its members in regards to the acts or omissions of the administrative agency, and he must bring his claims in accordance with the Review Law and within the ambit of our decision in 
Stykel
.  Accordingly, we affirm the trial court's dismissal of count II as to all defendants and its dismissal of counts III and IV as to the Board and its members.

The plaintiff asserts that its causes of action for fraudulent  misrepresentation and breach of contract against Chief Parker and the City of Freeport are not preempted by the Review Law because these defendants were not parties to the administrative agency proceeding.  The plaintiff asserts that it could have filed these as separate actions against these parties and that there is no reason that these actions cannot proceed with the administrative review claim.

We agree with the plaintiff that the trial court erred in dismissing his fraudulent misrepresentation count as to Chief Parker and the City of Freeport.  This count alleged that Chief Parker intentionally made false representations and statements to the plaintiff in order to induce him to resign.  The plaintiff alleged that he relied upon these false statements in deciding to resign and suffered monetary damage.  These allegations state an independent cause of action against Chief Parker and the City of Freeport unrelated to the correctness of the Board's decision regarding his claim for reinstatement as an employee.  As such, they are not preempted by the Review Law, and we reverse the trial
 
court's dismissal of count III as to these defendants.

However, we believe that the Review Law does preempt a cause of action for breach of contract as to Chief Parker and the City of Freeport in this case.  See 
Stykel
, slip op. at 14.  As noted above, the trial court found that the plaintiffs pleaded a cause of action for administrative review against all defendants, including Chief Parker and the City of Freeport.  The trial court therefore
 
denied the defendants' motion to dismiss as to the administrative review count, and that action proceeds as to Chief Parker and the City of Freeport.  The propriety of that portion of the trial court's order is not before us.  See 
Stykel
, slip op. at 14.  Accordingly, we conclude that the Review Law preempts a cause for breach of contract against Chief Parker and the City of Freeport in this case and conclude that the trial court properly dismissed
 
count IV as to all defendants.

In closing, we note that, to the extent that there are any other issues to be resolved in the administrative review proceeding, such as those pertaining to jurisdiction or the authority of the Board, those issues must be resolved in the trial court in the first instance.  The trial court is free to consider all questions of law and fact presented by the record before the court, including the agency's interpretations of any statute or rules interpreting a statute.  See 
American Stores Co. v. Department of Revenue
, 296 Ill. App. 3d 295 (1998). 

For the reasons stated, we affirm that portion of the trial court's order dismissing counts II and IV as to all defendants and the trial court's dismissal of count III as to the Board and its members.  However, we reverse that portion of the trial court's order dismissing count III as to Chief Parker and the City of Freeport and remand the cause for further proceedings consistent with the views expressed herein. 

Affirmed in part and reversed in part; cause remanded.

HUTCHINSON, P.J., and McLAREN, J., concur.