# Illinois Official Reports

## Appellate Court

---

**Hofrichter v. City of Chicago Heights**, 2016 IL App (1st) 153106

---

| | |
|---|---|
| Appellate Court Caption | BENJAMIN HOFRICHTER, Plaintiff-Appellant, v. THE CITY OF CHICAGO HEIGHTS, THE CITY OF CHICAGO HEIGHTS POLICE AND FIRE BOARD, and CHARLES GUILIANI, Defendants-Appellees. |
| District & No. | First District, Second Division<br>Docket No. 1-15-3106 |
| Filed | October 18, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 14-CH-18280; the Hon. Thomas R. Allen, Judge, presiding. |
| Judgment | Affirmed in part and reversed in part.<br>Cause remanded. |
| Counsel on Appeal | Policemen's Benevolent Labor Committee, of Springfield (Shane M. Voyles, of counsel), for appellant.<br><br>Del Galdo Law Group, LLC, of Chicago (K. Austin Zimmer and Joseph A. Giambrone, of counsel), for appellees. |
| Panel | JUSTICE MASON delivered the judgment of the court, with opinion.<br>Presiding Justice Hyman and Justice Neville concurred in the judgment and opinion. |

**OPINION**

¶ 1     Plaintiff-appellant Benjamin Hofrichter filed suit against his employer, defendant-appellee city of Chicago Heights, as well as defendants-appellees city of Chicago Heights police and fire board and Charles Guiliani (collectively, defendants), on November 13, 2014, after he was passed over for a promotion one year earlier on November 13, 2013. Defendants moved to dismiss the suit on the basis that it was barred by *laches* or, alternatively, that Hofrichter's sole cause of action was administrative review. The circuit court granted the motion and dismissed the complaint in its entirety. Hofrichter appeals. For the reasons that follow, we affirm in part and reverse in part and remand for further proceedings.

¶ 2                                    BACKGROUND

¶ 3     Hofrichter is a police officer for the city of Chicago Heights. On December 14, 2009, the city of Chicago Heights police and fire board (Board) promulgated a promotion eligibility list (2009 roster) that named Hofrichter as the number one candidate for promotion to sergeant. Pursuant to article 10 of the Illinois Municipal Code (Code) (65 ILCS 5/10-2.1-15 (West 2008)), the Board was required to make promotions from the three candidates having the highest rating. The Code permits the Board to strike the eligibility list after three years, providing that no vacancy exists that can be filled at that time. *Id.*

¶ 4     In September 2011, the Board promoted candidates two and three from the 2009 roster, leaving only Hofrichter remaining from the original top three. No further promotions were made until 2013.

¶ 5     On October 23, 2013, the secretary of the Board sent an e-mail to all candidates, including Hofrichter, advising them that they could submit a request for military points to the Board for the new promotion eligibility list (2013 roster) through regular mail or via e-mail. Hofrichter responded via e-mail requesting to apply his military points.

¶ 6     On November 12, 2013, the Board drafted an agenda for its November 13 meeting, and the order of business included the cancellation of the 2009 roster, the promulgation of a new 2013 roster, and the promotion of two officers to replace sergeants who had retired in January 2012 and May 2013. The agenda was e-mailed to all sergeant candidates, including Hofrichter, the day before the meeting. Along with the agenda, the Board e-mailed the candidates the final 2013 roster, on which Hofrichter placed ninth.

¶ 7     The day of the meeting, the Board effectuated its agenda and cancelled the 2009 roster (on which Hofrichter was the highest ranked candidate for promotion to sergeant), approved the 2013 roster, and promoted two individuals (ranked first and second) from the latter roster. That same day, according to the Board's secretary, the Board "published" the 2013 roster.

¶ 8     Hofrichter's first challenge to the November 13, 2013, promotions occurred on November 13, 2014, when he filed a complaint in the circuit court seeking a declaratory judgment and alleging a violation of the Civil Rights Act of 1991 (42 U.S.C. §§ 1983, 1985 (2012)). Defendants moved to dismiss the complaint alleging, *inter alia*, that Hofrichter's sole remedy to challenge the Board's action was administrative review. On March 23, 2015, the trial court granted the motion to dismiss without prejudice.

¶ 9     Hofrichter filed an amended complaint one month later, in April 2015, repeating the allegations of the original complaint and adding a count labeled "Administrative Review." In

that count, Hofrichter sought "review of all questions of law and fact" regarding the Board's conduct on November 13, 2013. Hofrichter further alleged that "[n]o notice of the Board's actions *** w[as] personally delivered or mailed to the Plaintiff." In his prayer for relief, Hofrichter sought a declaration that defendants had violated his rights, promotion to the position of sergeant, and back pay.

¶ 10    Defendants again moved to dismiss the amended complaint contending that the court lacked subject matter jurisdiction because the administrative review count was untimely and *laches* barred relief under that theory in any event. Alternatively, assuming the court had subject matter jurisdiction, defendants argued that Hofrichter waived his right to promotion under the 2009 roster by participating in determining his eligibility for the 2013 roster. Finally, defendants urged dismissal of all remaining counts because the sole remedy for challenging a final decision of the Board was administrative review. Following a hearing, the transcript of which is not in the record,[1] the circuit court dismissed the case with prejudice. This appeal followed.

¶ 11                                ANALYSIS

¶ 12    We review a circuit court's order of dismissal *de novo*. *Rodriguez v. Sheriff's Merit Comm'n*, 218 Ill. 2d 342, 349 (2006). Turning first to the counts for administrative review and declaratory judgment, defendants raised numerous bases for their dismissal, but we conclude that defendants' reliance on *laches* is dispositive. (Although the circuit court did not specify in its written order the basis for its dismissal of the complaint in its entirety, we may affirm on any basis in the record. *Moody v. Federal Express Corp.*, 368 Ill. App. 3d 838, 841 (2006)).

¶ 13    *Laches* is " 'the neglect or omission to assert a right which, taken in conjunction with a lapse of time and circumstances causing prejudice to the opposite party, will operate as a bar to a suit.' " *Lee v. City of Decatur*, 256 Ill. App. 3d 192, 195-96 (1994) (quoting *People ex rel. Heavey v. Fitzgerald*, 10 Ill. App. 3d 24, 26 (1973)). A successful *laches* defense requires a showing that plaintiff's delay in bringing suit was unreasonable and that the delay prejudiced the defendant. *Wabash County v. Illinois Municipal Retirement Fund*, 408 Ill. App. 3d 924, 933 (2011). *Laches* may be invoked to bar administrative review complaints (*Christ Hospital & Medical Center v. Human Rights Comm'n*, 271 Ill. App. 3d 133, 137 (1995)), as well as complaints for declaratory judgment, notwithstanding the fact that the complaint seeks monetary relief in the form of back pay (*Coleman v. O'Grady*, 207 Ill. App. 3d 43, 51-52 (1990)).

¶ 14    In this case, Hofrichter delayed filing suit for one year after learning that he had not been promoted to sergeant. In civil service cases, an unexplained delay longer than six months is *per se* unreasonable. See, *e.g.*, *Hauser v. Chicago Park District*, 263 Ill. App. 3d 39, 41 (1994); *Kadon v. Board of Fire & Police Commissioners*, 45 Ill. App. 2d 425, 430 (1964). Typically, this six-month time limit has been applied to cases involving public-sector employees who have been discharged and seek reinstatement as well as back pay; courts have explained that a delay longer than six months may "impair orderly procedures and work to the disadvantage of

---

[1]Hofrichter includes a transcript of the hearing on the Board's motion in an appendix to his brief, but because the transcript was not made part of the record, we cannot consider it. See *Whittmanhart, Inc. v. CA, Inc.*, 402 Ill. App. 3d 848, 852 (2010) ("[T]he record on appeal cannot be supplemented by attaching documents to the appendix of a brief.").

third parties." *Kadon*, 45 Ill. App. 2d at 430. But we see no reason not to extend this logic to Hofrichter merely because he is seeking a promotion rather than reinstatement. Thus, because Hofrichter offers no reason for his 12-month delay, we conclude that the delay was unreasonable. See *People ex rel. Cifaldi v. Wilson*, 38 Ill. App. 2d 302, 305 (1962) (unexplained delay of 16 months was unreasonable and operated to bar suit); *Coleman*, 207 Ill. App. 3d at 51 (15-month delay unreasonable).

¶ 15 Turning then to the issue of prejudice, Hofrichter contends that defendants were not prejudiced because his failure to promptly file suit did not influence defendants' conduct. Not so. Courts have found that prejudice to public entities is inherent in cases where an employee delays filing suit seeking back pay because if that employee is successful, the employer, if it has hired or promoted a third party, must pay the plaintiff for services already rendered by that third party and for which that party has already been compensated. *Coleman*, 207 Ill. App. 3d at 48; see also *People ex rel. Casey v. Health & Hospitals Governing Comm'n*, 69 Ill. 2d 108, 115 (1977). In other words, prejudice results because the employer is "required to pay for the same services twice." See *Bill v. Board of Education of Cicero School District 99*, 351 Ill. App. 3d 47, 62 (2004); *Lee*, 256 Ill. App. 3d at 197.

¶ 16 In this case, the Board promoted two officers in lieu of Hofrichter and has paid their salaries since November 2013. Thus, it would suffer inherent prejudice if Hofrichter's suit succeeded and it was required to compensate Hofrichter for the services those officers rendered over the past three years. For these reasons, we conclude that Hofrichter's claims for administrative review and declaratory judgment were properly dismissed on the basis of *laches*.

¶ 17 This leaves us to consider Hofrichter's section 1983 and section 1985 claims. Defendants contend that these claims were properly dismissed because Hofrichter's sole cause of action is administrative review. In response, Hofrichter maintains first, that the Administrative Review Law (735 ILCS 5/3-101 *et seq.* (West 2014)) does not apply to his cause of action (despite having pled it), and second, that even if it did, it does not preclude him from seeking relief under federal law.

¶ 18 Because we agree with Hofrichter that the Administrative Review Law does not bar a cause of action under sections 1983 and 1985, we need not address the initial question of whether the Administrative Review Law applies at all. Nevertheless, we take this opportunity to note that several cases have held that the Administrative Review Law is applicable to *all* final decisions rendered by boards of fire and police commissioners constituted under the Act. See, *e.g.*, *Stover v. Board of Fire & Police Commissioners*, 291 Ill. App. 3d 784, 790 (1997); *Burgess v. Board of Fire & Police Commissioners*, 275 Ill. App. 3d 315, 320 (1995); *Mueller v. Board of Fire & Police Commissioners*, 267 Ill. App. 3d 726, 732-33 (1994); *Schickedanz v. City of O'Fallon*, 248 Ill. App. 3d 746, 748 (1993). However, we believe that treating these cases as arising under the Administrative Review Law is problematic. To be sure, the Code provides that the Administrative Review Law applies to and governs "final administrative decisions" of the Board. 65 ILCS 5/10-2.1-17 (West 2014). But the Administrative Review Law defines "administrative decision" as "any decision, order or determination of any administrative agency rendered in a particular case, which affects the legal rights, duties or privileges of parties and which terminates the proceedings before the administrative agency." 735 ILCS 5/3-101 (West 2014). The reference to "proceedings before the administrative agency" suggests that the provisions of the Administrative Review Law are triggered by a

hearing at the agency level where matters of law and fact are adjudicated. See *Lenard v. Board of Education of Fairfield Schools District No. 112*, 26 Ill. App. 3d 188, 190 (1975); see also *Chestnut v. Lodge*, 34 Ill. 2d 567, 571-72 (1966). Here, not only was there no hearing on Hofrichter's claim that he was entitled to a promotion, but there was no factual record or agency decision for the circuit court to review. Thus, we question whether a more appropriate vehicle for adjudicating claims such as these is a timely filed declaratory judgment action.

¶ 19   In any event, even assuming that the Administrative Review Law is applicable to Hofrichter's claim, we conclude that he is nevertheless entitled to pursue a claim for relief under sections 1983 and 1985. Our holding finds support in *Stykel v. City of Freeport*, 318 Ill. App. 3d 839 (2001). In that case, the plaintiffs appealed the dismissal of their section 1983 and constitutional claims on the basis that they were preempted by the Administrative Review Law. *Id.* at 848. We agreed with the plaintiffs that dismissal was improper, reasoning that "an agency lacks the authority to question the validity or constitutionality of a statute." *Id.* at 849-50 (citing *Board of Education of Rich Township High School District No. 227 v. Brown*, 311 Ill. App. 3d 478 (1999)). We explained that because the issues of whether the plaintiffs' civil rights were violated were not (and could not have been) before the administrative agency, they could not be the subject of administrative review. *Id.* at 850; see also *Brown*, 311 Ill. App. 3d at 490 (trial court has original jurisdiction over constitutional issues raised in administrative review complaint). For the same reason, we conclude that Hofrichter's federal claims, because they could not have been before the Board, were properly raised in the circuit court.

¶ 20   Defendants urge us to reach the contrary conclusion, relying on *Marozas v. Board of Fire & Police Commissioners*, 222 Ill. App. 3d 781 (1991), but that case is inapposite. There, the plaintiff filed a complaint for administrative review and declaratory judgment; he also alleged deprivation of his constitutional rights as well as a section 1983 violation. *Id.* at 784. We upheld the dismissal of the plaintiff's section 1983 claim, but our decision rested on the fact that the pleadings "failed to allege anything resembling a cause of action for a section 1983 claim." *Id.* at 791. In addition, we found that because the plaintiff did not press his section 1983 claim in the circuit court, it was waived. *Id.*

¶ 21   In contrast, here there is no suggestion that Hofrichter did not state a section 1983 and section 1985 claim. Nor did Hofrichter waive these claims before the circuit court. As such, *Marozos* does not compel us to conclude that Hofrichter's claims were properly dismissed.

¶ 22                                        CONCLUSION

¶ 23   For these reasons, we affirm the dismissal of counts I through III of Hofrichter's complaint, but reverse the dismissal of counts IV and V and remand for further proceedings consistent with this opinion.

¶ 24   Affirmed in part and reversed in part.

¶ 25   Cause remanded.